Sullivan,  
June 29, 1921.

## SULLIVAN MACHINERY COMPANY *v*. CARL A. STOWELL.

Under the employers' liability act (Laws 1911, c. 163, s. 9), providing for an application "to any justice . . . for the determination of any . . . question that may arise under the compensation feature of this act," the questions whether one party has agreed to pay compensation and the other to accept it are not questions arising under the compensation feature of the act; the act confers jurisdiction only in cases where both parties understand that compensation is to be paid and received.

To an action at common law by a servant against his master for physical injuries, a brief statement alleging that the defendant had accepted the provisions of the act and that the plaintiff had accepted compensation thereunder for such injuries sets up a good defence.

Evidentiary facts relevant to the issue do not become *res adjudicata* by a judgment, and hence the judgment is not conclusive as to such facts in a collateral proceeding.

BILL IN EQUITY. The defendant who was injured while employed by the plaintiffs sued them, and they filed a plea alleging that they had accepted the provisions of Laws 1911, c. 163, and that he had also accepted the provisions of the act. They also filed this bill alleging the same facts and praying that the defendant's compensation under the act be determined and that he be enjoined from prosecuting his action at law.

The court found that the facts alleged in the bill were true and appointed a master to determine the compensation due the defendant under the act and enjoined him from prosecuting his suit against the plaintiffs, and he excepted. A bill of exceptions was allowed by *Kivel*, C. J., at the November term, 1919, of the superior court.

*Streeter, Demond, Woodworth & Sulloway (Mr. Jonathan Piper* orally), for the plaintiffs.

*Francis W. Johnston* and *Jesse M. Barton (Mr. Johnston* orally), for the defendant.

PARSONS, C. J. The defendant having suffered an injury while in the plaintiffs' employ brought a common-law suit against them alleging his injuries were caused by their negligence. The plaintiffs, defendants in that action, filed a brief statement of defence alleging that they had accepted the provisions of chapter 163, Laws of 1911,

and that the plaintiff had accepted compensation under the provisions of that chapter for the injuries alleged in the writ. Section four of chapter 163, Laws of 1911, "An Act in relation to Employers' Liability and Workmens' Compensation" provides: "The right of action for damages caused by any such injury, at common law, . . . shall not be affected by this act, but in case the injured workman, . . . shall avail himself of this act, either by accepting any compensation hereunder, by giving the notice hereinafter prescribed, or by beginning proceedings therefor in any manner on account of any such injury, he shall be barred from recovery in every action at common law." The brief statement therefore set up a good defence to the action. Not content with the forum so presented for the trial of the issue upon which their defence rested, the present plaintiffs petitioned the court to enjoin the prosecution of the suit alleging the facts set out in the brief statement and that they were unable to agree with the defendant as to the amount of compensation due him. The court found the defendant had accepted compensation and enjoined the prosecution of the suit at law, subject to exception. Section 9 of the act authorizes any injured workman in case the employer fails to pay compensation as provided in the act to bring a bill in equity to recover the same. The section also gives the right to any employer "who has declared his intention to act under the compensation features of this act," "to apply by similar proceedings to the superior court or to any justice thereof for a determination of the amount of the weekly payments to be paid the injured workman, or of a lump sum to be paid the injured workman in lieu of such weekly payments." The section continues: "and either such employer or workman may apply to said superior court or to any justice thereof in similar proceeding for the determination of any other question that may arise under the compensation feature of this act." Under these provisions it is argued that the issue whether the plaintiff had accepted compensation was before the court as a jurisdictional fact, and having been found against the workman was conclusive against him in the collateral proceeding at law and authorized the enjoining of the further prosecution of that suit. The jurisdictional question, if there was one, was whether the defendant had availed himself of the provisions of the act. The evidence by which the plaintiffs sought to prove this was his acceptance of payments under the act. Payment was therefore not the jurisdictional fact in issue but only evidence of it, and did not become *res judicata* so as to be conclusive in a collateral proceeding. *King*

v. *Chase*, 15 N. H. 9. That the defendant had given the notice required by the act or commenced proceedings under it would have been also evidentiary facts upon which the plaintiffs might have relied. But it is not probable the legislature intended by the language used to submit the determination of such an issue to the procedure set out in the act. The legislature had no power to require the submission of a controversy exceeding $100 in value to a single judge. Giving new rights under the compensatory feature of the act, it had the power to provide such tribunal as it saw fit for the determination of questions arising between parties relying upon the rights so given. That is all that it is probable was intended. The procedure contemplates a case where both parties understand compensation is to be paid and received. Whether one party has agreed to pay compensation or the other to accept it are not questions arising under the compensation features of the act but outside of and independent of them; while the question how much should be paid by an employer who had agreed to make payment to a workman claiming compensation would be a question arising under the compensation feature of the act. An employer's proceeding for a determination of the amount of compensation payable to a workman would seem to be sufficiently met by the workman's answer that he did not claim any compensation. No issue is made by such pleadings. There is nothing to try when the defendant disclaims. The situation would be not unlike that under the mill act when the landowner brings a petition for the assessment of damages under the act and the dam owner answers that he claims nothing thereunder. In such case the petition is dismissed because the court has no jurisdiction. *Jones* v. *Whittemore*, 70 N. H. 284; *Mitchell* v. *Company*, 70 N. H. 569. Such would seem to be the necessary result here of the workman's contention that he did not claim under the act.

The legislature did not attempt to impose upon employers the obligation to pay compensation to injured employees as provided in the act, but endeavored to induce them to accept the provisions of the act by taking from those who did not accept the act "about the only real defence to an action by a servant which is open to his employer at common law." *Boody* v. *Company*, 77 N. H. 208, 209, 210. Neither did they attempt to compel the servant to accept the compensation provided by the act from an employer who had agreed to pay it in place of the damages recoverable by the law as it existed at the time the act was adopted. The provisions of section four were intended to induce the workman to accept the provisions

of the act and to compel him, having made his election, to abide thereby.

*Exception sustained: injunction dissolved.*

All concurred.