THREATT *v.* AMERICAN MUTUAL LIABILITY
INSURANCE COMPANY *et al.*

351

No. 8009. September 17, 1931. Rehearing denied September 30, 1931.

*E. N. Freeman,* for plaintiff.

*Jones, Jones, Johnston & Russell, McDaniel, Neely & Marshall,* and *Harry L. Greene,* for defendants.

PER CURIAM. ■ A large number of questions are sought to be presented in the bill of exceptions in this case. Many of these are hypothetical. Other assignments of error are not in such form as to present anything for the consideration of this court. Questions affecting the unconstitutionality of certain portions of the workmen's compensation act (Ga. L. 1920, p. 167) can not be considered, because it is a well-settled rule that one can not raise questions as to the constitutionality of an act unless he is affected thereby. In this case the rights of the plaintiff are not affected, unless the single provision which requires that all claims for compensation must be made within one year is unconstitutional or for some other reason invalid. This is true because, amidst all the confused mass of matter transmitted to this court, there stands out, as clear as the lighthouse of Pharos, the unqualified admission of the claimant, through the mouth of counsel, that no claim was in fact filed as required by law until more than twelve months subsequent to the injury. The judgment of the superior court, which is challenged by the bill of exceptions, is but a reiteration of the judgment of the commissioner who dismissed the proceeding before the Industrial Commission upon the ground that the commission was without jurisdiction, upon the specific ground that the claim had not been filed within the time provided by law. Any examination into the constitutionality of the workmen's compensation act, supra, would be futile and barren of results in behalf of one to whose plea the law had shut the door and barred it by a statute of limitation. In an instance like that before us, a litigant can not be heard at all unless he has been properly admitted within the hall of justice, or if he has been properly ejected for the reason he did not have a card entitling him to admission. Section 25 of the workmen's compensation act (Michie's Code, § 3154(25) provides: "That the right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results

from the. accident, unless a claim therefor is filed with the commission within one year thereafter." It appears from the record that counsel for plaintiff in error, in opposing in argument the motion of opposite counsel to dismiss this proceeding, frankly stated: "There is no doubt about the man [Threatt] not having made the application within one year." We take this to be a solemn admission made in judicio within the terms of § 5736 of the Civil Code of 1910. The plaintiff seems to have conceded this to be true, because the discussion before the commissioner drifted to the question of fraud, and counsel for the plaintiff asserted that the delay on the part of the claimant to file his claim for compensation had been caused by fraud of the opposite party. In the brief of counsel for the plaintiff it is contended that he endeavored to introduce evidence to prove the allegation of fraud, and that his first witness upon that issue had his hand raised preparatory to taking the oath of a witness, and was precluded by the commissioner's ruling that he would not hear evidence. We are not empowered to adjudicate upon this contention, since this court is restricted to the consideration of the record as approved by the trial judge. The Supreme Court can not go without or beyond that which is approved by the trial judge to ascertain what transpired, or hear anything aliunde which tends to contradict the record as approved by the trial court. According to the record, the commissioner offered to allow the plaintiff to introduce evidence of fraud on the part of the Bibb Manufacturing Company or the insurer, and the plaintiff's counsel refused to introduce such evidence upon that subject.

■ The workmen's compensation act is altogether statutory in its origin and procedure. It does not repeal the common law in actions for injuries which may be sustained by employees for which employers may be liable, but it altogether supplants the provisions of the common law as affecting employers and employees when its provisions are adopted as provided by its terms. For this reason, we are of the opinion the proceeding instituted to obtain the benefits provided by the workmen's compensation act can not be amended or changed into an equitable proceeding or an action for damages, as is sought to be done in the present case. The workmen's compensation act is one in which employers and employees each concede some rights allowed by the common law, in order

that each may gain or may be entitled to enjoy certain advantages which may accrue to either or both; but the proceedings to be instituted, as laid down by the workmen's compensation act, are confined and restricted to the exact channel provided by the act, and can not be diverted by the rules of equity or converted into actions at law to recover damages. As pointed out in *Metropolitan Casualty Insurance Co.* v. *Huhn, 165 Ga.* 667 (142 S. E. 121, 59 A. L. R. 719), neither employers nor employees are forced to submit themselves to the method of arbitrament prescribed in the workmen's compensation act. Either may decline. As said in Evanhoff *v.* State Industrial Accident Commission, 78 Ore. 503 (154 Pac. 106) : "As before noted, the act leaves the employer free to accept the provisions of the act or to reject them as he may see fit. If he gives notice that he rejects them, he is left to protect himself from actions for personal injury by litigation in the courts. It is true that the act has swept away certain defenses heretofore available; but as this could have been done in any case, he has no legal reason to complain. If he sees fit not to avail himself of the provisions of the act, he may still protect himself by giving notice that he rejects its provisions. It is not compulsory, and the arguments that apply with greater or less force to compulsory acts are here inapplicable. The State says to the employer and employee alike : 'We present you a plan of accident insurance which you may accept or reject at your own pleasure. If you accept, you must be bound by its terms and limitations; if you reject, the courts are open to you with every constitutional remedy intact. Take your choice between our plan and such remedies as the statute gives you.'" To the same effect is the ruling of the Supreme Court of Iowa in Hunter *v.* Colfax Consol. Coal Co., 175 Iowa, 245 (154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15, Ann. Cas. 1917E, 803). As said in Sullivan Machinery Co. *v.* Stowell, 80 N. H. 158 (114 Atl. 873) : "The legislature did not attempt to impose upon employers the obligation to pay compensation to injured employees as provided in the act, but endeavored to induce them to accept the provisions of the act by taking from those who did not accept the act 'about the only real defense to an action by a servant which is open to his employer at common law.' Boody *v.* K. & C. Mfg. Co., 77 N. H. 208, 209, 210 (90 Atl. 859, 860, L. R. A. 1916A, 10, Ann. Cas. 1914D, 1280). Neither did they attempt to compel

the servant to accept the compensation provided by the act from an employer, who had agreed to pay it in place of the damages recoverable by the law as it existed at the time the act was adopted. The provisions of section 4 were intended to induce the workman to accept the provisions of the act and to compel him, having made his election, to abide thereby." In this case, since the commissioner states that an opportunity was allowed the plaintiff to show fraud if he could, but the offer was declined, it is not necessary at this time to rule upon whether a showing of gross fraud on the part of an employer, or an alter ego of his, might be sufficient to enable the Industrial Commission to toll the statute, as it may in case of mental incapacity, etc. Earnest and diligent counsel for plaintiff stresses the human side of the case and the gravity of the fraud which was perpetrated upon the plaintiff by imposing upon his trustful confidence; but there is nothing to alter the invariable rule of section 25, when proceedings are instituted under the provisions of the workmen's compensation act.

■ It appears from the record that on March 25, 1930, the attorney for the plaintiff filed an appeal to the Industrial Commission for leave to withdraw the claim, for the purpose of filing the suit in the superior court. Instead of permitting this withdrawal, the commission on April 8, 1930, two weeks later, entered the judgment of dismissal of which complaint is made in the present writ of error. Undoubtedly the plaintiff had the right to withdraw his claim; but in view of what has already been said, the result, in at least so far as the Industrial Commission is concerned, would have been the same as that reached by the judgment of the Industrial Commission in dismissing the case for want of jurisdiction. Therefore the error, if one, is apparently harmless. It may be that where by gross fraud an employee has been prevented from filing his claim as required under section 25 of the workmen's compensation act, an employer might be held to have forfeited the benefits conferred by the State upon him under that act, whereby the employee was likewise released and would be remitted to his right to recover damages if the action be brought at any time within the statute of limitations. This we are not now called upon to decide.

*Judgment affirmed. All the Justices concur.*