*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.

### 21635.   MOODY *et al. v.* TILLMAN.

STEPHENS, J.   1. A turpentine still is easily ignited, and danger of being burned is a risk peculiarly incident to the employment of workmen about the still.   Where a still catches fire from a bolt of lightning and the

fire burns a person who is working at the still in the performance of the duties for which he is employed, which consist in "sounding" the still, the burns thus received by the employee constitute an injury arising out of and in the course of the employment. *Globe Indemnity Co.* v. *MacKendree,* 39 *Ga. App.* 58 (146 S. E. 46) ; 28 R. C. L. 806; State of Minnesota *v.* District Court of Ramsey County, 129 Minn. 502 (153 N. W. 119, L. R. A. 1916A, 344).

2. Such an employee is not a farm laborer. *Pridgen* v. *Murphy,* 44 *Ga. App.* 147 (160 S. E. 701).

3. Upon the hearing before one of the industrial commissioners of a claim for compensation, brought after the death of the injured employee who had died as a result of the burns, by a person claiming to be the wife of the injured employee, in behalf of herself and for the use of her child under two years of age, as dependents entitled to compensation under section 39 of the workmen's compensation act, the evidence was sufficient to sustain the finding of the commissioner that the burns which the employee had received while working around the still and which caused his death, constituted injuries which arose out of and in the course of the employment, that the claimant was the wife of the injured employee, and that he was the father of the child, and that the wife and the child were dependents entitled to compensation, and that the claimant was entitled to the compensation awarded, which included compensation for medical expenses, the last illness of the deceased, the funeral expenses, and, by reason of the failure of the employer to comply with the provisions of the act relative to keeping fully insured, attorney's fees and a penalty of ten per cent. as provided in sections 66 and 67 of the workmen's compensation act.

4. The newly discovered evidence which tended to show that the claimant and the child were not legal dependents of the deceased and entitled to compensation, which was offered to the full commission, by the employer on an appeal from the award of compensation made by the sole commissioner, was merely cumulative and impeaching of the evidence adduced before the sole commissioner, and would not likely have produced a different result. The full commission did not err in rejecting this evidence and affirming the award made by the sole commissioner.

5. The judgment of the superior court affirming the appeal and sustaining the award was not error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1932.

*Gibbs & Turner,* for plaintiffs in error.  *W. G. Thomas,* contra.

