## 34491. ADAMS *v.* UTICA MUTUAL INSURANCE COMPANY *et al.*

Decided June 12, 1953.

*Barrett & Hayes, Grace W. Thomas,* for plaintiff in error.
*Marshall, Greene, Baird & Neely, Burt DeRieux,* contra.

SUTTON, C. J. 1. The finding of the deputy director, denying compensation on the grounds that there was no evidence offered to show where or how the deceased met his death or to show that his death was caused by an accidental injury arising out of and in the course of his employment, and that the claimant failed to carry the burden of proving her claim, was authorized under the evidence. The competent evidence adduced at the hearing tended to show only that the claimant's deceased husband was employed to service and repair industrial moving equipment, such as electric trucks and fork lifts, and was constantly on call, working more at night than in daytime; that, on November 17, 1951, he had placed repair equipment and tools in his station wagon before leaving his employer's plant; that he had his car filled with gasoline and oil; that he had been working all day; and that he was last seen proceeding east on Memorial Drive in Atlanta. His wife was notified of his death about three hours after he was last seen, but she did not see his body after his death. It appears from the record that the affidavits of the claimant and C. J. Hudson, Jr., which are set out above, were filed with the full board before it passed on the appeal. There was no competent evidence in the record as to how the deceased employee met his death.

2. Code § 114-708 provides: "If an application for review is made to the Department of Industrial Relations within seven days from the date of notice of the award, all of the directors shall review the evidence or, if deemed advisable, as soon as

practicable hear the parties at issue, their representatives and witnesses, and shall make an award and file the same in like manner as specified in the foregoing section, together with their rulings of law in the premises. A copy of the award so made on review shall immediately be sent to the parties at dispute. All of the directors may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to all of the directors and it shall be taken into account before rendering any decision or award in such case." If an application for review is made to the full board within the time prescribed, all of the directors shall review the evidence, or, if deemed advisable, they will hear the parties at issue, their representatives and witnesses, and shall make an award. On a review of an award of a single director, the full board acts as a fact-finding body, and may affirm the award or may reverse it, if the evidence so authorizes. The full board may hear the parties at issue, their representatives and witnesses, if this is deemed advisable by the full board. This is what the act itself states, and this has been ruled by this court in a number of cases. The full board may remand to a single director a case which is before them for review for the purpose of taking additional testimony. But the full board is not obliged to take additional testimony, where it is not deemed advisable for them to do so. *Watkins* v. *Hartford Accident &c. Co.*, 75 *Ga. App.* 462, 465 (43 S. E. 2d 549).

In other words, the full board has the authority to hear additional evidence when a case is before it on review, when this is deemed advisable by the board, but this does not mean that a party has the right to try his case over again as though it had not been tried, unless, in the discretion of the board, this should be deemed advisable.

Code § 114-703 provides that the Workmen's Compensation Board may make rules, not inconsistent with the act, for carrying out the provisions of the Workmen's Compensation Law. The board's rule 25, with respect to taking additional evidence when a case is before it on review, is as follows: "When, in the discretion of the board, additional evidence is necessary for the completion of the record in a case on review, the full board will order the taking of such evidence before it. When either the

employer or employee seeks to introduce new evidence at a review, application must be made for the introduction of new evidence, and it must be shown that the new evidence is of such a character as would follow the common law governing the admission of newly discovered evidence in the application for a new trial. The evidence sought to be introduced must not be evidence of cumulative or impeaching character, but must be of such a character as likely would have produced a different result had the evidence been procurable at the first hearing. It must be shown that the evidence was not known to the party who desires to introduce same at the time of the hearing before the board, and that by reasonable diligence this new evidence could not have been secured. In other words, the law of Georgia as to the nature and character of evidence required for the granting of new trials, will be applied by the State Board of Workmen's Compensation before new evidence can be introduced in a review by the full board."

Under the terms of the statute, and the rule adopted with respect to hearing additional evidence when a case is before the full board for review, the board may or may not hear or order additional evidence taken as in its discretion may be deemed advisable. The exercise of its discretion in such a matter may, in a proper case, be the subject of review by the courts. *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39); *American Mutual Liability Ins. Co.* v. *Hardy*, 36 *Ga. App.* 487 (137 S. E. 113); *Moody* v. *Tillman*, 45 *Ga. App.* 84 (4) (163 S. E. 521). But, on an appeal to the full board, neither party as a matter of right can demand that the case be tried as though no hearing has been had, as is done when a case is appealed from a justice court to a jury in that court or in the superior court, or when a case is appealed from the court of ordinary to the superior court.

Under the record as here presented, the single director was authorized in rendering the award denying compensation; the full board did not err in affirming the award and in denying a rehearing after approving such award; and the superior court did not err in affirming the award and action of the Workmen's Compensation Board.

*Judgment affirmed. Gardner, P. J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., concurs specially.*

FELTON, J., concurring specially. Mrs. Frances Adams, for herself and minor children, filed a claim for compensation for the death of her husband, John Quincy Adams, Jr., allegedly resulting from an accidental injury arising out of and in the course of his employment by R. S. Kerr & Company. The case was heard by Deputy Director R. O. Jackson, who issued an order denying compensation. Within seven days from the decision of the deputy director, the claimant filed an appeal to the full board, in which she contended that the evidence was sufficient to sustain an award for her and her children, and alleged that she had discovered a witness who was riding in the automobile in which her husband was riding when he was killed who was in position to testify before the board as to the details of the accident. She also alleged that the evidence was newly discovered, giving her reasons for so alleging. The board set a hearing before it in the following order: "Subject of Review: Claimant is dissatisfied with the award of May 7, 1952, because: 'That the said C. J. Hudson, who was with Mr. Adams on the night of November 17, being the same that the deceased was killed, was actually riding in the automobile and is in a position to testify before this honorable board, to give the board the details of the accident, the location thereof, and other vital and invaluable information, in consideration of an award for Mrs. Adams, etc.' Review of the above case by the full board will be heard in Room 309 State Building, Atlanta, Georgia, at 9:30 o'clock a. m. on May 26th, 1952. Parties may be represented by attorneys or briefs may be filed. In case there is to be personal representation please notify the board. In case briefs are to be filed the opposing side should be furnished with a copy of brief not later than the day before the date set for review." The following affidavit by Clyde J. Hudson, Jr. was filed with the board prior to its decision: "I, Clyde J. Hudson, Jr., hereby state and declare that on March 17, 1952, Saturday, at approximately eight-thirty (8:30) p. m., Mr. J. Q. Adams came to my residence in a Plymouth station wagon and asked me if I would go to Macon, Georgia, with him and help him on a job and that he would pay me $1.25 per hour and I told him I would go but I didn't know anything about the machinery and Mr. Adams told me that I could wash the parts and tools and hand them

to him as he needed them. I had been trying to get a job with Mr. Adams, foreman for R. S. Kerr & Company, for about two weeks previous to the above date on which he came by for me to help him on the job in Macon, Georgia. At approximately 8:30 p. m. on March 17, 1952, I got in the Plymouth station wagon with Mr. Adams and we proceeded to Macon, Georgia, and at the time of the accident I was in the front seat, asleep, and Mr. Adams was driving. I did not at any time after the accident make any statement to Mrs. Adams as to how the accident occurred." The full board affirmed the deputy director's findings. The record shows that no additional testimony was taken or caused to be taken by the full board. The Superior Court of Clayton County affirmed the full board's award and the claimant excepted.

The vital question in this case is whether the board acted illegally, contrary to law, and in excess of its powers in refusing to receive evidence on appeal to the full board or to cause it to be taken, in addition to that heard by the deputy director, the evidence being that of a witness who the claimant contended would testify that he was in the automobile driven by the alleged deceased employee at the time he was killed and would testify as to facts which would show that the death of the employee arose out of and in the course of employment, as shown by an affidavit of the witness. A decision of this question necessitates a consideration of the provisions of law permitting an appeal to the full board and a review of the decisions on just what kind of review the law contemplated. Code § 114-708 provides: "If an application for review is made to the Department of Industrial Relations within seven days from the date of notice of the award, all of the directors shall review the evidence or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses, and shall make an award and file the same in like manner as specified in the foregoing section, together with their rulings of law in the premises. A copy of the award so made on review shall immediately be sent to the parties at dispute. All of the directors may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to all of the directors and it shall be taken

into account before rendering any decision or award in such case."

This court has several times held that a review by the full board is a de novo hearing, but it is somewhat inconsistent in its definition of what a de novo hearing is. I do not think there can be any doubt about what a hearing or trial de novo means in a court of law, such as an appeal to a jury in a justice's court or an appeal from a decision by a court of ordinary to the superior court. The review in such cases is a new hearing and a completely new trial, unaffected in any way by the fact that another trial of the issues has been had. In such a de novo hearing as is above referred to, the parties are not limited or restricted in any way in the introduction of legal evidence. The parties may introduce evidence on the de novo hearing whether it was available on the first trial or not, and regardless of whether it was newly discovered. After careful consideration of the aim and purpose of the Workmen's Compensation Act, its humanitarian purposes, its intended liberal construction, its avoidance of technical niceties of requirements as to practice and procedure, and its intent to afford parties a full and complete hearing by all three members of the board (except in unusual cases of incapacity or disqualification), I have reached the conclusion that the review by the full board was intended to be a trial de novo in the true and legal sense of the words except that evidence already taken is not required to be taken again. It has already been held that such a review is a de novo hearing to the extent that the board is a fact-finding body and may reverse a deputy or single director on identical evidence if authorized. I would now go a step further and hold that in every particular the review by the full board is a hearing de novo, except that the board itself is not required to take the evidence but may cause it to be done by a director and except evidence already taken is not required to be taken again. The provision in Code (Ann.) § 114-708, to the effect that "all of the directors shall review the evidence or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses," *does not mean that the production and introduction of new evidence or different evidence from that before a deputy or single director lies within the discretion of the board.*

That provision refers only to a case where each party has fully presented her, his, or its case and the stenographic record contains all of the evidence in the possession of both parties and there is no intention made known to the board to offer additional evidence. *Where such is the case and there is no additional evidence to be introduced at the instance of the parties, the board may pass on the case from the record or it may rehear the parties and witnesses in its discretion, in whole or in part.* Where either party has additional evidence of a substantial nature, relevant to a question to be decided, I think it is the duty of the full board on review to admit, hear, and consider such evidence or cause it to be heard by a director. Only by so doing can it give litigants the full new hearing I believe the law intended. The provision that all the directors may remand a case to a single director does not militate against my conclusion. The board on its own motion may elect to obtain additional evidence by this method or, when parties suggest that they desire to introduce additional evidence on review, the board may elect to obtain it by the alternative method rather than hear it directly from witnesses themselves, but in the latter case the board would be required to obtain the additional evidence. Both this court and the board have by rulings and rules indicated that, before any additional evidence could be considered by the full board on review, the party seeking to produce such evidence would have to virtually comply with the rules of law prescribing the requirements for the obtaining of a new trial at law or in equity on the grounds of newly discovered evidence. *This rule is one of the most technical, complicated, and difficult known to the law, and I do not think that any such strictness was intended to be prerequisite to the production of additional evidence on the trial of a case on review before the full board.* This court stated in *American Mutual Liability Ins. Co.* v. *Hardy,* 36 *Ga. App.* 487 (137 S. E. 113), that the board's rule 26, now rule 25, will be enforced or relaxed within the discretion of the board, without interference by the courts. This statement was obiter dictum, as in that case the commission heard the additional evidence. If there is anything in *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (119 S. E. 39), to the contrary, it should be overruled and disapproved. Division four of the opinion in

*Moody* v. *Tillman*, 45 *Ga. App.* 84 (163 S. E. 521), and any other cases from this court holding to the same effect on this point should also be overruled.

I concur in the judgment because I am bound by the authoritative rulings in the cases cited in the majority opinion.