36106.   HAMILTON TURPENTINE CO. *v.* JOHNSON.

DECIDED MARCH 14, 1956.

*Smith, Tillman & Brice, Harley Langdale,* for plaintiff in error.
*Edward Parrish,* contra.

QUILLIAN, J. If an employer is subject to the Workmen's Compensation Act and elects not to operate under it, he is not permitted, in any suit at law instituted by an employee subject to the act to recover damages for personal injury or death by accident, to defend any such action upon the ground that the injury was caused by the negligence of a fellow employee. Code § 114-107 specifically makes the Workmen's Compensation Act inapplicable to "farm laborers." The question then arises: was the plaintiff in the case at bar a "farm laborer" under the laws of this State?

The plaintiff's counsel cites as authority for the position that the employees hired by the producer of crude gum (oleoresin) are not "farm laborers," within the meaning of that term as used in the Workmen's Compensation Act, the following cases: *Pridgen* v. *Murphy,* 44 *Ga. App.* 147 (160 S. E. 701); *Moody* v. *Tillman,* 45 *Ga. App.* 84 (163 S. E. 521); and *Meadows* v. *Dixon,* 61 *Ga. App.* 697 (7 S. E. 2d 329). It is held in each of these cases that employees of the original producers of crude gum (oleoresin) were not "farm laborers" and came under the provisions of the Workmen's Compensation Act. On February 22, 1939, Code (Ann.) § 67-1107 was amended by adding the following: "Every original producer or original manufacturer of crude gum (oleoresin) from which is derived or may be derived gum spirits of turpentine and gum rosin and his employees are hereby declared to be, for all intents and purposes, farmers in so far as any statute of this State relates to farming and farmers."

*Pridgen* v. *Murphy* and *Moody* v. *Tillman,* supra, were decided prior to the passage of the above amendment which defines the producers of crude gum turpentine and resin and their employees as farmers. The *Meadows* case, supra, was decided February 15, 1940, which was subsequent to the passage of the amendment to Code (Ann.) § 67-1107 in 1939, but study of the original record in the *Meadows* case reveals that the injury upon which the cause of action in that case was based occurred November 28, 1937, which

was also prior to the 1939 amendment of Code § 67-1107. The amendment of 1939 was not applicable to the *Meadows* case and the *Meadows* case established no precedent as to whether or not the plaintiff in the case at bar was a "farm laborer."

The amendment of 1939 having clearly made the original manufacturers or producers of crude gum (oleoresin) farmers for all intents and purposes, the Workmen's Compensation Act is inapplicable to them and their employees.

The defendant not being subject to the Workmen's Compensation Act, the provisions of the act relating to the giving of notice of rejecting the terms of the act and the consequences of such rejection are not applicable in this case. The petition having alleged that the injury was due entirely to the negligence of the fellow employee, the demurrer should have been sustained and the petition dismissed. Code § 66-304. The trial judge erred in overruling the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*