43755.    CONTINENTAL  INSURANCE  COMPANY  et  al.
v. McDANIEL.

SUBMITTED JULY 2, 1968—DECIDED SEPTEMBER 11, 1968.

*Charles L. Drew,* for appellants.

*Paris & Channell, G. Wesley Channell,* for appellee.

BELL, Presiding Judge.  *Code* § 114-708, as amended by an Act of 1963 (Ga. L. 1963, pp. 141, 156), provides in part: "All of the members may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to all of the members and it shall be taken into account before rendering any decision or award in such case."  *Code* § 114-703 provides in part: "The State Board of Workmen's Compensation may make rules, not inconsistent with this Title, for carrying out the provisions of this Title.  Processes and procedure under this Title shall be as summary and simple as reasonably possible."

We know of no provision of law which would require the board to issue an order formally and expressly granting or denying a party's application to take additional evidence under *Code Ann.* § 114-708. A requirement of that kind might be provided by the board itself in the exercise of its rule-making powers under *Code* § 114-703. We are aware that the board has promulgated Rule 22 relating to the taking of additional evidence on review and to the procedural restrictions against a party making application to take new evidence. However, even if that rule required an express grant or denial by the board in acting on the application, we could not take judicial notice of the rule. *Shurman v. City of Atlanta,* 148 Ga. 1, 14 (95 SE 698); *Crouch v. Fisher,* 43 Ga. App. 484 (3) (159 SE 746). Compare, *Adams v. Utica Mut. Ins. Co.,* 88 Ga. App. 386, 389 (76 SE2d 709); *Butler v. Fidelity & Cas. Co.,* 88 Ga. App. 620, 623 (76 SE2d 813).

The workmen's compensation law is altogether statutory in its origin and procedure. *Threatt v. American Mut. Liab. Ins. Co.,* 173 Ga. 350, 360 (160 SE 379). The board is not a court, but an administrative body which exercises judicial functions within the channels of the Act. In the administration of the Act, the technical niceties of pleading and procedure as applied to courts of law and equity need not be strictly followed. *Maryland Cas. Co. v. Gill,* 46 Ga. App. 746, 748 (169 SE 245); *Jones v. American Mut. Liab. Ins. Co.,* 48 Ga. App. 351, 352 (172 SE 600).

Since proceedings before the board are summary and, in a legal sense, informal, we do not think the superior court was correct in declaring that it was incumbent on the board to issue an order granting or denying the motion, in the absence of statute or rule requiring formal action by the board.

The board's power to order the taking of additional evidence on review is a discretionary one. "The appeal to the board being a de novo proceeding, it may in its discretion hear the parties at issue, their representatives and witnesses." *Pacific Employers Ins. Co. v. West,* 213 Ga. 296, 298 (99 SE2d 89). However, the board is not obliged to take additional testimony where it is not deemed advisable to do so. *Southeastern Express*

*Co. v. Edmondson,* 30 Ga. App. 697, 705 (119 SE 39) ; *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 491 (137 SE 113) ; *Watkins v. Hartford Acc. &c. Co.,* 75 Ga. App. 462, 465 (43 SE2d 549). That discretion must not be disturbed except in cases where it is manifestly abused.

This court has held that the board, in exercising its power to take additional evidence on review, may properly be guided by principles applicable in the courts in passing on motions for new trial based on newly discovered evidence. *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697, 705, supra; *Moody v. Tillman,* 45 Ga. App. 84 (3) (163 SE 521). In this case it appeared that some of the evidence which claimant proposed to introduce on review clearly would be inadmissible. All the proposed evidence was merely corroborative, and it did not appear as to any of it that the same evidence could not have been presented by reasonable diligence at the hearing before the single director. Under these circumstances the record does not show any abuse of discretion by the board in proceeding with the hearing on review on the basis of evidence previously taken before the single director.

The superior court erred in setting the award aside.

*Judgment reversed. Hall and Quillian, JJ., concur.*