## 52453. COMMERCIAL UNION INSURANCE COMPANY v. CREWS.

STOLZ, Judge.

The appellants, an employer and its insurer, appeal in this workmen's compensation case from the order of the superior court affirming an award of benefits by the Board of Workmen's Compensation. The board found that the

claimant had proven a change in condition, thus becoming eligible for benefits, and that the appellants' deposition of Dr. Brown was not admissible in evidence.

The claimant suffered an injury on the job for which he was accorded medical treatment and paid workmen's compensation benefits under an approved agreement. The appellants later requested a hearing to determine a change in condition, and it was there determined, in the absence of both the claimant and his attorney, that compensation could be terminated. The claimant had received no notice of the hearing because he had moved to South Carolina and had failed to apprise the board of his address.

When payments ceased, the claimant requested another hearing to determine a change of condition. The claimant's testimony at the hearing indicated a worsening of his impairments due to the work-related injury. In addition, the claimant introduced in evidence over the appellants' objections, medical reports of Dr. C. William Brown. The hearing resulted in an award of compensation. The award was approved by the full board, the superior court, and is the subject of this appeal.

1. The appellants claim that the claimant's award was unjustified because there was no evidence of proximate causation between the claimant's original accident and his current condition. Contrary to the appellants' contention, however, the claimant's testimony and competent medical evidence established proper causation. Therefore, the award was authorized under the "any evidence" rule. *American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813 (198 SE2d 348).

2. The appellants also claim that they were denied the right to cross examination due to the administrative law judge's refusal to admit in evidence their deposition of Dr. Brown. Code Ann. § 114-707 was amended by the legislature in 1975 and provided for the first time that a physician's medical report can be admissible as direct examination. This change relieves the tendering party of the necessity of presenting the doctor's testimony either live at the hearing or by deposition. It makes testimony that was previously inadmissible as hearsay for the first time admissible. Code Ann. § 114-707 further states that

the opposing party has the right to cross examine the witness whose report is admitted in evidence.

The claimant tendered in evidence a report from Dr. Brown, and it was admitted at the time of the hearing. The appellants then took the deposition of Dr. Brown by notice for purposes of cross examination. At the deposition the claimant attempted to examine the doctor on redirect. The appellants' attorney declined to permit that, and he and the court reporter then departed.

The claimant filed a written motion and affidavit objecting to receipt of the deposition in evidence on the grounds that he had been denied the right of redirect examination. The administrative law judge held that he was entitled to redirect examination as provided in Code Ann. § 81A-130 (c) (Ga. L. 1966, pp. 609, 641; 1967, pp. 226, 233; 1972, pp. 510, 515). The administrative law judge found that the board procedure is bound by the rules of the superior courts, and that claimant's attorney was denied the right to examine the witness. He provided that the deposition should not be admitted in evidence until rescheduled at the expense of the appellants, and the attorney for the appellants was directed to reschedule the deposition and to permit redirect examination by opposing counsel. The appellants refused to comply with the order and their deposition of Dr. Brown was not allowed in evidence.

The ruling of the administrative law judge correctly interprets the law. Code Ann. § 114-707 provides for receipt in evidence of medical reports and for cross examination by the opposing party. The insurer cross examined the doctor by deposition, which is the usual method of adducing medical testimony. The authority for the use of depositions under the Workmen's Compensation Act is found in Code Ann. § 114-706 (Ga. L. 1974, pp. 1143, 1154). This section requires that depositions be taken in accordance with the procedural rules in effect in civil cases in the superior courts.

Depositions in superior courts are governed by Code Ann. § 81A-130 (c), which provides that examination and cross examination of witnesses in depositions may proceed as permitted at the trial under the rules of evidence. Rule 88 of the superior courts, Code Ann. §

24-3388, provides that the regular mode of conducting the examination of a witness shall be as follows: "First, the witness shall be examined by the party introducing him, and then cross-examined by the other party; after which the original party may further interrogate the witness to explain the direct or rebut the cross-examination; and if any new matter be thus elicited, the opposite party may further examine the witness as to such new matter."

Although the issue here presented has not been decided in a workmen's compensation case, an almost identical issue arose in connection with a motion for summary judgment where the defendant introduced an affidavit and the plaintiff thereafter deposed the affiant on cross examination as an adverse witness. The plaintiff moved to limit the deposition to cross examination. The trial court overruled the plaintiff's motion, sustained the motion of the defendant to continue the suspended examination, and required plaintiff to pay the cost thereof. This court held that the trial court was correct in these rulings since Code Ann. § 38-2101 (c) (Ga. L. 1959, pp. 425, 426) provides that "Examination and cross examination of deponents may proceed as permitted at the trial under the rules of evidence," and since a defendant under such circumstances has the right to examine the witness on redirect examination after the cross examination. *Acres v. King,* 109 Ga. App. 571 (3) (136 SE2d 510).

If Code Ann. § 114-707 were interpreted in accordance with the appellants' argument, one party would submit a medical report, the opposing party would take a deposition on cross examination, the party submitting the report would then have to schedule another deposition for redirect, whereupon the opposing party would have to schedule a third deposition for re-cross. Thus there could be one report, possibly three depositions, and repeated requests for extensions of time to complete this cumbersome process. The purpose of the amendment to permit the introduction of medical reports was to cut down on the time and cost involved in workmen's compensation cases. If it were interpreted as suggested by the appellants, it would have the opposite effect.

The interpretation of the administrative law judge was reasonable and did not deny to the appellants the right of cross examination. The appellants deprived themselves of the right by refusing to follow the procedure provided by law.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 9, 1976.

*Savell, Williams, Cox & Angel, John M. Williams, Cullen Hammond,* for appellants.

*George & George, William V. George, Lavinia George,* for appellee.