60026. TRANSPORT INSURANCE COMPANY et al. v. FERGUSON.

McMURRAY, Presiding Judge.

On September 1, 1978 (received by State Board of Workers' Compensation on September 4, 1978), claimant requested a hearing as to an alleged injury or aggravation of a preexisting condition resulting in his total disability as of September 7, 1977, which he contends arose out of and in the course of his employment. Claimant had a history of back problems and back surgery, dating back to 1957 when he was injured while in service. He contends he hurt his back on the job in March, 1977, while lifting webbed steel, reported same to his foreman, but continued to perform his regular job; he again reported his back condition as getting worse to another foreman in May, 1977, and continued to work until he was forced to quit because of pain several months later on September 7, 1977 (last day of work, September 6, 1977).

He had surgery on his back in December, 1977, for the fourth time (the other three times in 1957 while in service). His deposition was taken on November 22, 1978, disclosing the above facts.

On April 4, 1979, the administrative law judge, following a hearing on December 14, 1978, with reference to the claim, made findings of fact and conclusions of law that the claimant had aggravated a preexisting back condition while working for the employer and was forced to cease work due to said injury. Venue,

jurisdiction, general employment and average weekly wage were stipulated. The record had been left open for 30 days for further medical records. The finding of fact was that claimant injured his back and reported it to his supervisor in *March of 1977,* "but continued to work regularly for the employer through *September 6, 1977."* (Emphasis supplied.)

On April 16, 1979, a written motion to remand was filed by the employer/insurer setting forth that they had filed same earlier by hand delivery to the administrative law judge on March 13, 1979 (prior to the award on April 4, 1979). Remand was sought in order that appropriate and necessary additional evidence be adduced. An appeal to the full board was filed the same date.

The claim was then heard before the full board on June 25, 1979. On July 30, 1979, with one dissent, the board adopted the findings and award of the administrative law judge and held that the motion to remand was insufficient, citing its Rule 708.

A motion for reconsideration was then filed with the board on August 2, 1979, with an appeal to the superior court filed on August 13, 1979.

The superior court, on January 29, 1980, affirmed the award of the board dated July 30, 1979, which judgment was filed in the office of the clerk of superior court on January 30, 1980.

The motion for reconsideration of the award of the board dated July 30, 1979, and filed on August 2, 1979, was never ruled upon by the State Board of Workers' Compensation.

A petition to appeal was granted by this court, and the appeal is here for review. *Held:*

1. At the completion of the hearing before the administrative law judge on December 14, 1978, the record was left open 30 days for further "medical," which apparently refers to the claimant's hospital records from the United States Army, the Veterans Administration and any other records that might be available. A letter in the record from the employer/insurer dated January 26, 1979, states that a request was being made to the administrative law judge "that the record be left open for at least an additional thirty (30) days for the purpose of trying to obtain" the necessary reports from the Veterans Administration facilities concerning the claimant. This letter bears the notation "Grant" "30 days" and the initials "DLK" "JWP" "EM" (which we assume are the initials of the board directors and chairman). Certain Veterans Administration medical records are in the initial record, and these appear to be 1976 and 1977 Veterans Administration records. Other medical records of Redmond Park Hospital, Rome, Georgia, are also in the record.

On April 16, 1979, the written motion to remand for appropriate

and additional evidence was filed and referred to a motion (contained in a letter dated March 12, 1979) addressed to the administrative law judge and hand-delivered on March 13, 1979. Upon our initial consideration of the case sub judice, this letter hand-delivered on March 13, 1979, was not found in the record transmitted to this court. To insure fairness we requested the superior court to call on the board for this missing portion of the record. The board has responded and supplemented the record by transmitting this letter and transmitting anew the entire medical record which has been previously transmitted to this court before our initial consideration, all of which had been marked received by the board on March 18, 1979. Attached to the letter of March 12, 1979, were the Veterans Administration records designated as "a complete copy of all medical records dealing with Henry Ferguson" which records were marked received in evidence on "3-13-79" and initialed "JAS, Jr." by, apparently, the administrative law judge. Also attached to the letter was "a copy of the reports of the Redmond Park Hospital of Rome, Georgia" which were marked as received in evidence on "1-25-79" and also initialed "JAS, Jr." by, apparently, the administrative law judge. Consequently, all of this evidence was before the administrative law judge and the board; and except for the letter hand-delivered on March 13, 1979, all of this evidence was also before the superior court. This letter itself did not constitute evidence but was a letter motion with reference to the Veterans Administration records and the Redmond Park Hospital records requesting "that additional testimony be allowed from the claimant and the doctors . . ."

The administrative law judge allowed the parties 30 days "for medical." The 30 days would have expired on January 13, 1979. However it appears from the findings of the administrative law judge of April 4, 1979, that he did consider both the Veterans Administration records and Redmond Park Hospital records. But the administrative law judge, having given 30 days for "medical," as well as another 30 days from January 26, 1979, apparently granted by the board, simply did not have to consider the letter motion to reopen in order to take additional testimony as a matter of right on the part of the employer/insurer.

The taking of additional testimony can only be based on the discretion of the board under Code Ann. § 114-708 (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 208) and Rule 708. Employer/insurer's motion to remand was based on their interpretation of the medical evidence, received in evidence after January 13, 1979, on "1-25-79" and "3-13-79." The motion to remand, dated April 16, 1979, to take additional medical and lay testimony, was made to the board at the same time as there was an appeal to the full board. It was considered

by the board and concluded to be "insufficient," although the earlier motion for additional testimony (letter of March 12, 1979) was not considered by the administrative law judge or board, or by the superior court.

But there is no merit in the enumerations of error which contend that all the evidence had not been forwarded to the superior court and in failing to consider the motion for further testimony made on March 12, 1979, inasmuch as the motion to remand of April 16, 1979, involved the same subject matter.

2. Under Code Ann. § 114-708, supra, the board may elect to remand "for the purpose of taking additional evidence for consideration by the full board in rendering any decision or award in the case." Such remand is discretionary with the board and is somewhat similar to the principles applicable in the courts in passing on motions for new trial based on newly discovered evidence. *Hartford Acc. & Indem. Co. v. Snyder,* 126 Ga. App. 31, 33 (3) (189 SE2d 919) (Divisions 8 and 9, disapproved in *Brown Transport Corp. v. James,* 243 Ga. 701, 702 (257 SE2d 242)); *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345-346 (163 SE2d 923). The record here simply does not show any abuse of discretion by the board in denying the remand for the employer/insurer to reopen to take additional medical and lay testimony. *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345-346, supra; *Ins. Co. of N. America v. Dimaio,* 120 Ga. App. 214, 215-216 (2) (170 SE2d 258). The 30 days allowed for additional "medical," as well as another 30 days from January 26, 1979, apparently granted by the board, had long since passed when the board reviewed the findings of the administrative law judge at a de novo hearing on June 25, 1979, with its findings of fact, conclusions of law and award dated July 30, 1979. The taking of additional medical and lay testimony might tend to attack the veracity and impeach the testimony of the claimant. The board stated in its award that the reason to remand was insufficient, citing Rule 708. That rule states that the board may receive additional evidence or remand to the administrative law judge to receive additional evidence or apply the law of Georgia regarding the nature and character of newly discovered evidence required for the granting of a new trial. Code § 70-204 states that the trial court may grant new trials "when any material evidence, not merely cumulative or impeaching in its character . . . shall be discovered . . . after the rendition of a verdict." The dissent of one director was that he would remand the claim for the purpose of receiving the additional evidence concerning treatment at Redmond Park Hospital on and after December 4, 1977.

The findings of fact of the administrative law judge do not in anywise reflect that he did not consider the medical records admitted

"1-25-79" and "3-13-79." Accordingly, we find no merit in the enumerations of error complaining that the board misconstrued employer/insurer's motion to remand as one for newly discovered evidence. The remand failed to set forth what testimony, medical and lay, which a remand could conceivably produce although it would appear that employer/insurer would seek by deposition or by a direct hearing other testimony of the medical doctors in this case as well as to cross examine the claimant.

3. The evidence here was sufficient to support the findings of the administrative law judge and the Board of Workers' Compensation; and the superior court did not err in affirming the award. *Ins. Co. of N. America v. Hartl,* 149 Ga. App. 859 (256 SE2d 153); *Speight v. Container Corp. of America,* 138 Ga. App. 45, 47 (225 SE2d 496).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED NOVEMBER 12, 1980 — REHEARING DENIED DECEMBER 5, 1980 —

*James B. Hiers, Jr.,* for appellants.
*John M. Strain,* for appellee.