62325. BINSWANGER GLASS COMPANY et al. v. BROOKS.

POPE, Judge.

Appellee Brooks suffered an on-the-job injury in August of 1979 for which he was paid compensation benefits until December 13, 1979. As a result of a hearing held April 4, 1980 at which Brooks sought to show a change in condition, the Administrative Law Judge (ALJ) awarded additional benefits to be paid Brooks for the period December 13, 1979 through April 4, 1980. Brooks appealed to the State Board of Workers' Compensation protesting the termination of the award as of April 4. Appellants Binswanger Glass Company and its insurance carrier filed a cross-appeal on grounds of insufficiency of the evidence to support any award. While the appeal was pending, Brooks submitted by mail to the full board certain additional medical bills and reports. The board then issued an interlocutory order, dated August 1, 1980, allowing appellants ten days from that date to show cause why those medical records should not be admitted in evidence. Appellants filed a timely response objecting (a) to the utilization of these records since counsel for all parties had agreed at the April hearing that the record would not be left open for additional evidence, and (b) to their lack of opportunity to cross-examine the doctors making the reports or to produce evidence in rebuttal. The board, in a split decision, issued an order on September 10, 1980 based in part upon the medical reports mailed to it by Brooks. The board awarded Brooks additional compensation and directed appellants to pay his attorney fees. The superior court affirmed the award and we have granted this appeal to determine if that judgment is in compliance with the Workers' Compensation Act.

1. Code Ann. § 114-707 governs proceedings before an administrative law judge, and Code Ann. § 114-708 controls de novo appeals to the full board. Under Code Ann. § 114-707 (d) (2) (Ga. L. 1978, pp. 2220, 2229), "[t]he administrative law judge may admit as evidence at the hearing and at all future hearings evidence obtained by depositions, interrogatories, or admissions of fact, whether or not the deponent is available to testify in person at the hearing, and whether or not the evidence was taken originally for the purpose of discovery or evidence, or both." Code Ann. § 114-707 (e) (2) provides for admission of "[a]ny medical report on a form prescribed by the

board . . . insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person signing the report, as if that person were present at the hearing and testifying as a witness, subject to the right of any party to object to the admissibility of any portion of the report, and subject to the right of an adverse party to cross-examine the person signing the report and provide rebuttal testimony within the time allowed by the administrative law judge." It can therefore be seen that the legislature has enacted broad discovery and evidentiary rules in hearings before an ALJ.

Code Ann. § 114-708 (Ga. L. 1975, pp. 198, 208), pertaining to full board review of awards of an ALJ, provides that "all of the members shall review the evidence or, if deemed advisable . . . hear the parties at issue, their representatives and witnesses . . ." It also states that "[a]ll of the members may remand to a single member or deputy director[1] any case before them for the purpose of re-consideration and correction of apparent errors and omissions and issuance of a new award, with or without the taking of additional evidence, or for the purpose of taking additional evidence for consideration by the full board in rendering any decision or award in the case."

Code Ann. § 114-708 does not specify when such a hearing by the witnesses and party representatives shall take place, or whether the matter should be heard by remand to an ALJ or before the full board; the taking of such testimony is purely discretionary with the board. *Transport Ins. Co. v. Ferguson,* 156 Ga. App. 715 (1) (275 SE2d 354) (1980). See generally Hiers and Potter, Ga. Workers' Comp. — Law and Practice, § 13-1 (1981 ed.) In so doing, however, "[t]his court has held that the board, in exercising its power to take additional evidence on review, may properly be guided by principles applicable in the courts in passing on motions for new trial based on newly discovered evidence." *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 346 (163 SE2d 923) (1968); accord, *Transport Ins. Co. v. Ferguson,* supra at (2); *Hartford Acc. & Indem. Co. v. Snyder,* 126 Ga. App. 31 (3) (189 SE2d 919) (1972).

Clearly the provisions for taking additional evidence by the full board in Code Ann. § 114-708 are not nearly so comprehensive as those directing such hearings before an ALJ under Code Ann. § 114-707. Indeed, it appears that evidence is not ordinarily taken at full board meetings and only rarely are witnesses heard by that

---

[1] This denomination was changed from "deputy director" to "administrative law judge" by Ga. L. 1975, pp. 198, 205 (Code Ann. § 114-701.14) but was apparently overlooked in this section.

tribunal; if the members desire to hear additional testimony, the case is usually remanded to an ALJ to take the additional evidence. See Hiers and Potter, supra, §§ 13-5, 13-8. As a practical matter, and to insure that the opposing parties have the opportunity to undertake cross-examination of witnesses and to produce rebuttal evidence, we think it preferable for the board to remand the matter to an ALJ to hear testimony presented under the discovery and evidentiary rules applicable to Code Ann. § 114-707 hearings.

Insofar as the medical reports submitted by Brooks in the instant case are concerned, however, the board presently has no statutory authority to receive such documentary evidence. Code Ann. § 114-707 contains one of the few exceptions to the rules of evidence for non-jury civil trials in this state by permitting the use of certain medical reports as evidence without requiring the personal appearance or deposition of the treating physician or other qualified medical practitioner, but this section is limited to hearings conducted by ALJs. See *Nationwide Mut. Ins. Co. v. Porter,* 150 Ga. App. 513 (2) (258 SE2d 135) (1979); *Com. Union Ins. Co. v. Crews,* 139 Ga. App. 521 (2) (229 SE2d 14) (1976). Thus, while the full board does have a discretion to hear additional *testimony,* Code Ann. § 114-708 makes absolutely no provision for the receipt of *medical records* as evidence. See generally Hiers and Potter, supra, § 12-17.

The board's September order shows upon its face that the medical reports submitted to it by Brooks were considered in modifying the award. This was reversible error. " 'The State Board of [Workers'] Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly.' [Cit.] It 'acts in a quasi-judicial capacity.' [Cit.] It can no more enter an award arrived at arbitrarily and without regard for the rules of evidence than it can enter an award unsupported by evidence . . ." *American Cas. Co. v. Wilson,* 99 Ga. App. 219, 221 (108 SE2d 137) (1959).

We do not find persuasive Brooks' argument that even if the evidence was improperly admitted, the order of the superior court was demanded by the "any evidence" rule. Even though *American Cas. Co. v. Wilson,* supra, addressed a prior enactment of Code Ann. § 114-707 which has since been superceded by the amendments now controlling, the rules of law guiding the court's interpretation in that case are equally pertinent to the present provisions. It is as true here as there, that "although the mere fact that inadmissible . . . evidence is in the record is not ground for reversal where there is sufficient competent evidence to support the award, nevertheless, the board . . . has the duty, when framing [its] award, to do so only upon the competent evidence in the record. An award based upon a proceeding

which shows on its face that it has been conducted arbitrarily and without regard for the rules of evidence is in excess of the powers of the board and is an award based upon erroneous legal theory." *Id.* at 219 (2a).

The proper procedure where medical reports are submitted to the full board on review of the award is to remand the matter to an administrative law judge for a hearing under Code Ann. § 114-707 to consider the additional evidence. This will allow the opposing parties to cross-examine the witnesses or to produce rebuttal evidence. The board is directed to proceed accordingly.

2. We are also of the opinion that the award of attorney fees against the appellants here was improper and that the superior court erred in affirming it. Attorney fees may be assessed against the opposing party only when it has been determined "that proceedings have been brought, prosecuted or defended in whole or in part without reasonable grounds," or that "any provision of Code section 114-705, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section and the claimant prevails ..." Code Ann. § 114-712 (b) (1) and (2).

In the instant case the ALJ ruled adversely to Brooks' contentions of permanent injury, and his appeal of the award to the full board resulted in a two-to-one decision in his favor. This factor indicates the reasonableness of the appellants' defense. Moreover, engaging an attorney to enforce rights under Code Ann. § 114-705 does not entitle a claimant to an award of attorney fees under Code Ann. § 114-712 (b) (2) where there is no finding that the employer's noncompliance was "without reasonable grounds." Where, as here, the finding relating to the assessment of attorney fees is silent as to whether or not the noncompliance with Code Ann. § 114-705 was "without reasonable grounds," the findings do not support an award of attorney fees under Code Ann. § 114-712 (b) (2). "As the evidence does not demand a finding that the relevant actions or inactions of the appellants were 'without reasonable grounds' to support them, the case must be remanded to the board for further findings to decide the issue." *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360, 362 (280 SE2d 140) (1981).

*Judgment reversed with direction. Quillian, C. J., and Mc-Murray, P. J., concur.*

DECIDED NOVEMBER 25, 1981 —
REHEARING DENIED

*James B. Hiers, Jr.,* for appellants.
*Mary M. Katz,* for appellee.