46148. TRAVELERS INSURANCE COMPANY et al. v. MER-RITT.

EVANS, Judge. This is a workmen's compensation case in which an award was made by a deputy director, thereafter affirmed by the full board, but on appeal to the superior court the award of the board was reversed, and the case was remanded for it to make a finding as to whether the claimant had suffered an injury in the course of his employment which aggravated a pre-existing heart condition, which incapacitated the claimant for work, and "to determine further the period of time, and degree of disability, if any, and to make an award accordingly." The appeal is by the insurer from this judgment.

The claimant was a warehouseman whose job responsibility was to make counter and warehouse sales which involved the delivery of bulk items to trucks and automobiles. On February 3, 1969, he was performing the above duties, and at about 5 p.m., while loading sacks of fertilizer, experienced physical pain which can only be described in laymen's language as a heart attack. He went home and attempted to rest and the next morning went to the doctor who gave him an electro-cardiogram which showed changes since a former examination made approximately three months before. Claimant had been under treatment for some time for peptic ulcer and suspected coronary-artery disease. The following testimony is noted although it is not a complete resume of the testimony. The doctor testified that something had transpired during the three-month period above mentioned, which had caused a decrease in the amount

of blood flow to his heart muscle. In answer to a hypothetical question, the doctor explained: "It is possible that the exertion could have added to his pre-existing disease to cause difficulty" and "It is possible that some exertion superimposed on his pre-existing heart disease could have produced some damage."

The claimant was put in the hospital under treatment of another doctor who was more available. This doctor also testified with reference to claimant's heart, that, in his opinion, the picking up of a sack of fertilizer put a sufficient force or exertion to aggravate a pre-existing condition. He further testified: "The aggravation of his work was what brought it out to our attention."

There was ample testimony to show that he has been physically unable to perform the duties of his employment since the physical pains he experienced in February, and that this impairment to perform has resulted in the termination of his usefulness to his employer.

The deputy director, in making his findings of fact, determined that the testimony of one doctor was that he had not had a heart attack (coronary thrombosis) "but was suffering from a coronary artery disease," and that the other doctor's testimony was that, in his opinion, the lifting of the fertilizer "did not cause the coronary artery disease" and that from all this testimony by the experts the claimant was suffering from heart disease and the changes in February from November "had caused a decrease in the amount of blood flow to his heart muscle"; that the claimant does have "arteriosclerotic heart disease and he does have angina pectoris." From his findings from the above testimony the deputy director was of the opinion "that the claimant has not shown that he has sustained a heart attack in the meaning of the Workmen's Compensation Act, but has shown that he is suffering from coronary artery disease." The deputy director denies compensation, which was affirmed by the full board, but reversed by the superior court. *Held:*

Under the authority of *Code* § 114-710, as amended, and cases based thereon (Ga. L. 1965, p. 18, § 19; *Code Ann.* §§ 6-801, 6-904); *Peters v. Liberty Mut. Ins. Co.,* 113 Ga. App. 41 (147 SE2d 26); and Ga. L. 1963, pp. 141, 156, Const. of 1945, *Code Ann.*

§ 2-3708; *Baggett Transp. Co. v. Barnes*, 108 Ga. App. 68 (132 SE2d 229)), this case depends upon whether or not "the facts found . . . [by the board] . . . do not support the order or decree." The board must make a finding of fact under *Code* § 114-707. The award must be supported by the findings of fact based on evidence. *Southeastern Express Co. v. Edmondson*, 30 Ga. App. 697 (1) (119 SE 39); *Atlanta Transit System v. Harcourt*, 94 Ga. App. 503 (95 SE2d 41); *Ideal Mut. Ins. Co. v. Ray*, 92 Ga. App. 273, 276 (88 SE2d 428). Thus, whenever the courts feel that in making the findings of facts the board has failed to weigh all the evidence, the practice has been generally to recommit the case to the board for further consideration. See *Lathem v. Hartford Acc. &c. Co.*, 60 Ga. App. 523, 527 (3 SE2d 916); *Woodruff v. American Mut. Liab. Ins. Co.*, 67 Ga. App. 554, 560 (21 SE2d 298); *U. S. Fidel. &c. Co. v. Brown*, 68 Ga. App. 706 (3) (23 SE2d 443). Also *Knight v. Fulton Industries*, 123 Ga. App. 538 (181 SE2d 691). Here, the hearing director, and the full board, made a finding of fact on one issue, while completely ignoring the real fact at issue. While the case was in the superior court, both parties filed a statement of their contentions, in a brief, and claimant plainly and succinctly set forth his contention as follows: "The crux of the question before this court is as we contend that the employee had a pre-existing heart condition which was aggravated by the lifting of a sack of fertilizer." This contention had been plainly made earlier in claimant's appeal to the superior court.

But the hearing director, affirmed by the full board, failed to pass upon this issue, but made the following finding: "I find that the claimant has not shown that he has sustained a heart attack in the meaning of the Workmen's Compensation Act, but has shown that he is suffering from coronary artery disease." Thus, the question of aggravation of a pre-existing heart condition was not considered or decided. A compensable claim may exist where an accident causes an injury or *aggravates a pre-existing disease or injury. Employers Liab. Assur. Corp. v. Johnson*, 62 Ga. App. 416 (8 SE2d 542); *U. S. Casualty Co. v. Kelly*, 78 Ga. App. 112 (50 SE2d 238); *Massachusetts Bonding &c. Co. v. Turk*, 84 Ga. App. 547 (66 SE2d 364); *Cox v. Employers Mut.*

*Liab. Ins. Co.,* 122 Ga. App. 659 (178 SE2d 287). Since the findings of the board are based upon whether or not a heart attack occurred on a certain date and the claimant was suffering from coronary heart disease which exertion did not cause, without any consideration of whether or not exertion could have aggravated a pre-existing condition, the lower court properly reversed the board and remanded the case to it "to make a finding as to whether the claimant has suffered an injury in the course of his employment which aggravated a pre-existing heart condition, which incapacitated the claimant for work; and to determine further the time, and degree of disability, if any, and to make an award accordingly."

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED APRIL 7, 1971—DECIDED APRIL 30, 1971—REHEARING DENIED JUNE 15, 1971.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for appellants.

*Farrar & Farrar, Arthur C. Farrar,* for appellee.