### 49798. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al. v. WILLIAMS.

Evans, Judge.

This is a case in which the judge of superior court has remanded a case to the State Board of Workmen's Compensation for additional treatment. We feel that one of the reasons for his judgment — which we are affirming — is in order that the board may straighten out the entire case, as well as to consider the deposition of Dr. Frye. It is apparent that the full record of what had transpired in the State board of Workmen's Compensation was not before the judge of superior court when he heard and remanded the case.

To illustrate the complexity of the matter, we set forth what transpired in this case which involves a change of condition.

The insurer contends claimant's leg injury had reached maximum improvement and should be rated for the percentage of specific injury to his leg. A hearing was held by a deputy director, and a doctor's testimony (by deposition) was to the effect that the claimant's leg had reached maximum improvement on June 1, 1972, with

a 10% permanent impairment of his right extremity. It was then ordered that his award of weekly compensation payments under Code Ann. § 114-404 for total incapacity cease as of June 1, 1972, and compensation under Code Ann. § 114-406 at the rate of $5 weekly was to continue from that date and during 225 weeks or until further change of condition. This award was dated November 8, 1972.

On appeal to the full board, the case was remanded to another deputy for the purpose of taking additional testimony as to claimant's present ability or inability to work, and if able to work what was his earning capacity. Another hearing was held. No additional testimony was taken except that another doctor's deposition was submitted in evidence over objections that it was in the nature of hearsay testimony. Claimant was not present for examination or cross examination, and the question as to whether he had been properly served with subpoena duces tecum was raised. No finding was made by the deputy director; but on April 19, 1973, the full board again referred to the original deputy director's findings of November 8, 1972 (no reference being made to the additional evidence), and made the first deputy director's award that of the full board.

On appeal to the superior court, a confused and incomplete record was forwarded by the board showing the first hearing, findings of fact and award by the deputy director, a request for a de novo hearing; the second hearing *without the deposition submitted in evidence,* and the award of the full board wherein the board stated it considered "the entire evidence." The order of remand to the deputy director and the additional evidence was not in this record. The judge of superior court reversed and remanded the case in order that the board might consider the only evidence submitted at the second hearing.

The insurer and employer appealed. Additional parts of the record from the board were filed in the lower court on August 29, 1974, *after the hearing before and ruling by the superior court* on July 2, 1974, and the notice of appeal on July 23, 1974. The deposition contained in this part of the record was not even considered by the lower court in the order we are to review. *Held:*

We can understand the dilemma of the trial court and its reasoning in remanding the case, faced with the confused state of the record with documents and evidence missing. It is not clear that the additional evidence was ever considered by the full board after it had ordered another hearing.

Counsel for the insurer/employer insist that we should consider this additional record, and affirm the last order of the full board because it states it was based on the "entire record," citing *Colbert v. American Fire &c. Co.,* 124 Ga. App. 808 (186 SE2d 432), and *E. Z. Shop v. Pearce,* 100 Ga. App. 785 (2) (112 SE2d 412). However, no mention was made in the case sub judice that the board was basing its findings on the hearing of Deputy Director King (who made no findings of fact or award); and it thus appears that the board based its findings entirely on the hearing and award of Deputy Director Hartman. Thus, we have no way of knowing whether or not the deposition submitted in evidence at the last hearing was considered by the full board. It was certainly not considered by the superior court because it was not before it in the incomplete record. *E. Z. Shop v. Pearce,* 100 Ga. App. 785 (2), supra, is not in point here, for in that case the presumption arose that the late deposition was a part of the record, and it was in its proper place in the record on appeal. The same applies to the cases of *Hartford Acc. &c. Co. v. Snyder,* 126 Ga. App. 31 (189 SE2d 919); and *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (192 SE2d 533), cited by counsel for appellant.

Whenever the courts feel that in making findings of fact the board has failed to weigh all the evidence, the practice has been to recommit the case to the board for further consideration. *Travelers Ins. Co. v. Merritt,* 124 Ga. App. 42 (183 SE2d 73), and cases cited at page 44. Since the lower court was uncertain that the additional evidence had been considered by the full board (and we are uncertain), it did not err in remanding the case for further consideration.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Submitted October 3, 1974 — Decided November 7, 1974.

Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash, for appellants.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White, for appellee.