## 53127. RACHEL v. SIMMONS COMPANY.

MARSHALL, Judge.

This is a workmen's compensation case in which claimant filed a claim against her employer, the Simmons Company, for disability resulting from a "coronary insufficiency" suffered by claimant while on the job. At the hearing claimant submitted the statement of the attending physician in which he stated that the "illness was found to be clinically consistent with acute myocardial infarction . . ." At the conclusion of the hearing, the administrative law judge left the record open for thirty days for further medical evidence. During that time, the employer's counsel arranged a deposition with the attending physician for the purpose of cross examining him. At the conclusion of his examination of the doctor, counsel refused to permit claimant's counsel to examine the witness and told the reporter to close his machine, which was done. The deposition was then filed and the administrative law judge, relying on the deposition, denied the claim, finding that claimant's heart condition was not caused or aggravated by her employment. The denial was affirmed by the full board and the Superior Court of Fulton County.

Claimant appeals contending that because her attorney was not permitted to conduct redirect examination of the witness at the deposition, important medical facts were not developed and the deposition should not have been admitted into evidence. *Held:*

The case of *Commercial Union Ins. Co. v. Crews,* 139 Ga. App. 521 (2) (229 SE2d 14), is in point and requires reversal. In that case, under identical facts, the administrative law judge refused to consider a cross examination deposition because counsel's refusal to permit opposing counsel to conduct redirect examination at a deposition violated CPA § 30 (c) (Ga. L. 1966, pp. 609, 641; 1967, pp. 226, 233; 1972, pp. 510, 515 (Code Ann. § 81A-130 (c))), and Rule 88 of the superior courts (Code Ann. § 24-3388) pertaining to the method of examining witnesses on deposition. This court upheld the administrative law judge's action, citing *Acres v. King,* 109 Ga. App. 571 (3) (136 SE2d 510), and pointing out that to deny the right of redirect at the deposition would be contrary to the intent of Ga. L. 1975, pp. 198, 207 (Code Ann. § 114-707) which streamlined the hearing procedure by allowing medical reports from attending physicians to be admitted into evidence.

Appellee contends that claimant did not raise an objection to the receipt in evidence of the deposition. Yet, the record contains a letter from claimant's attorney to the administrative law judge, dated after the deposition and before the administrative law judge's ruling, in which he protested what had happened at the deposition. (R. 147.) Thus, as far as the record shows, the claimant did register an objection in the only manner possible because the deposition reporter could not record an objection after he had closed his machine.

Redirect examination should have been permitted at the deposition. We cannot say that counsel's redirect would not have elicited any information which would have affected the award of the administrative law judge. For this reason the deposition should not have been considered and the award based on it is reversed with direction that the administrative law judge reopen the hearing to permit both parties to present additional evidence.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED FEBRUARY 8, 1977.

*Robert T. Efurd, Jr., W. C. Dominy*, for appellant.
*Skinner, Wilson, Beals & Strickland, Earl B. Benson, Jr., Warner R. Wilson, Jr.*, for appellee.