## 57426. LAND v. SELLERS.

MCMURRAY, Presiding Judge.

This is an action for damages arising from a collision between a motorcycle driven by plaintiff and an automobile driven by the minor son of the defendant and operated under the family purpose car doctrine.

A prior lawsuit by the plaintiff in this case against defendant's son resulted in a judgment in favor of plaintiff. A fi. fa. was issued upon that judgment and partially satisfied by insurance proceeds. Plaintiff has brought this action for deficiency against the defendant father as principal of the agent son.

The case sub judice was tried before the court without a jury on stipulation of facts. However, defendant denied any negligence on his part, and there was no stipulation as to negligence. The trial court entered judgment in favor of the plaintiff, holding that where the negligence of a master is purely derivative as in the case at bar the negligence of the servant is necessarily imputed to the master under the doctrine of respondeat superior regardless of whether the master was a party to the original law suit against the servant.

Defendant appeals, contending that as he was not a party to the action against his son, and a servant is not in privity with his master, the judgment against his son should not be binding against him so as to prevent by bar of res judicata or estoppel by judgment his retrying the

issues raised in the action by plaintiff against his son. He also contends the judgment is without evidence to support it. *Held:*

In *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223 (6 SE2d 460) this court held that where the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person, though the master is not a party to the action against his servant. See also Code § 110-501. The fact that the master may rely on the judgment in the action against his servant does not unswervingly imply that the master is bound by that judgment. The issue is not one of mutuality but of privity, and, although a master has privity with his servant, a servant is not in privity with the master. See *Gilmer v. Porterfield,* 233 Ga. 671, 673-674 (212 SE2d 842). Since the defendant's son was not in privity with him, judgment in plaintiff's action against defendant's son is not conclusive between plaintiff and defendant. Due process requires that this defendant have his day in court.

Despite the admissions of substantial injuries to plaintiff (partially reimbursed in the suit against the son, a joint tortfeasor) and the operation of the vehicle by the son "under the scope and ambit of the family purpose doctrine" (an admission of principal-agent relationship), defendant is entitled to his day in court inasmuch as he has denied negligence and is not bound by the other trial verdict and judgment finding negligence against the son. Nor is the plaintiff bound by the judgment (except by his pleadings here as to the amount which has been reduced by those already paid in the other suit to avoid a double recovery).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED MAY 3, 1979 — REHEARING DENIED MAY 23, 1979.

*Glyndon C. Pruitt,* for appellant.

*Douglas Parks,* for appellee.