*Michael N. Mantegna,* for appellee.

## 58444. RACHEL v. SIMMONS COMPANY.

DEEN, Chief Judge.

The salient facts developed on the first hearing of this workers' compensation case are to be found in *Rachel v. Simmons Co.,* 141 Ga. App. 236 (233 SE2d 56) (1977). The case was reversed because, pursuant to an order holding the transcript open for further medical testimony, the deposition of the employee's attending physician, Dr. Brown, was taken on cross examination by the employer who refused to allow claimant's counsel to examine the doctor on direct. Following this another hearing was held in which the claimant testified at some length regarding a leg injury, and the employer introduced a deposition given by Dr. Brown which included direct examination following the cross examination and during which the physician testified to claimant's history relating to a myocardial infarction and clinical evidence of thrombophlebitis. It was the claimant's contention that a leg injury brought on the latter pathological condition, and that a clot forming in the leg probably traveled to the lung or heart and brought on the infarct.

We recognize the well established rule that if a work related accident combines with a pre-existing injury or disease to cause a disability which would not otherwise have occurred it is compensable, whether or not the latter is related to the employment. *S. S. Kresge Co. v. Bryant,* 123 Ga. App. 412 (181 SE2d 312) (1971); *General Time Corp. v. Aldrich,* 145 Ga. App. 67 (244 SE2d 151) (1978). But Dr. Brown's testimony on direct examination did not in any substantive degree develop medical facts which would require a change in the reasoning applied at the original hearing. The administrative law judge, after hearing additional testimony and considering the deposition of Dr. Brown in addition to a re-evaluation of prior testimony and stipulations, entered a new award in favor of the employer which was affirmed on appeal to the full board, that judgment being affirmed by the Superior Court of Fulton County.

The medical testimony, whether considered alone or in connection with the other evidence, does not demand a finding that the claimant's disability stemming from her heart condition was proximately caused by her employment.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 12, 1979.

*Robert T. Efurd, Jr.,* for appellant.

*Warner R. Wilson, Jr., Donald F. Walton,* for appellee.