58391. EMPLOYERS FIRE INSURANCE COMPANY, et al. v. HEATH.

McMurray, Presiding Judge.

This is a workers' compensation claim. Claimant was employed by the City of East Point (Electrical Department) in clearing electrical high voltage lines and in trimming trees from high voltage lines. In 1972 he was hit in the left eye with a wood chip which was duly reported to the city and his eye treated. He took no time off

from work other than for the purpose of securing medical treatment, and no claim for compensation was made. In the interval from 1972 to 1977 he continued to get sawdust in his eyes occasionally, and his vision gradually worsened until he had no vision in his left eye, and he was required to have an operation to remove a cataract from his left eye. At the present time he can only distinguish light from dark and he is almost totally blind in his left eye. The present claim was filed in 1977. An eye doctor gave his opinion in two letters that he assumed that the original injury in 1972 "contributed to the formation of this cataract and is the probable cause."

The administrative law judge who heard the evidence, in substance as shown above, found that claimant sustained a compensable injury to his left eye in 1972, but any claim with reference thereto is barred by the statute of limitation. He thus held that the claimant had not shown any competent evidence that specific job connected events or injuries had occurred, aggravating the 1972 injury. He also interpreted the doctor's diagnosis as to causation of the cataract as having been retracted by his second letter. Compensation was therefore denied. On appeal to the board the award was affirmed with one dissent. On appeal to the superior court the award of the board was reversed and remanded to the board to make an award in favor of the claimant based upon the evidence. The employer and insurer appeal. *Held:*

1. The uncontested evidence shows the claimant injured his eye in 1972 which injury arose out of and in the course of his employment (as found by the board). He continued to work, and his sight gradually worsened until he lost sight in his left eye which loss of sight occurred in 1977 when claimant testified that "he can see nothing out of his left eye." The causation of his loss of sight, that is, "a contributory cause . . . [the] cataract formation . . ." was the opinion of a medical expert, based on the fact that when one finds a single cataract only in one eye, with a history of injury thereto and "injuries are known to cause cataracts I assumed that this one had been a contributory cause . . ." He did add, however, that the long period of time "is against this theory," but "[n]o one can state for certainly [sic — with certainty] how much the injury

resulted in the premature formation of his cataract."

Both the board and the administrative law judge were in error in holding that the statute of limitation had run in this case following one year from the injury to claimant's eye in 1972. Here, the date of the injury under the "new accident" theory was the date claimant was forced to cease employment or when the gradual loss of his sight prevented him from working since he continued in his employment after the injury to his eye in 1972 until, as a result of the injury, he was forced to terminate his employment. See *House v. Echota Cotton Mills, Inc.,* 129 Ga. App. 350 (199 SE2d 585); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125); *Blackwell v. Liberty Mutual Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *Hartford Ins. Group v. Stewart,* 147 Ga. App. 733, 734 (2) (250 SE2d 184); *Shipman v. Employers Mut. Liab. Ins. Co.,* 105 Ga. App. 487, 492 (125 SE2d 72); *Ideal Mut. Ins. Co. v. Ray,* 92 Ga. App. 273 (88 SE2d 428); *Employers Liab. Ins. Co. v. Shipman,* 108 Ga. App. 184, 186-187 (132 SE2d 568).

2. In addition, the trial court correctly determined that in making true findings of fact both the board and the administrative law judge had failed to weigh all the evidence, and the case was recommitted to the board. See *Travelers Ins. Co. v. Merritt,* 124 Ga. App. 42 (183 SE2d 73); *Lathem v. Hartford Acc. &c. Co.,* 60 Ga. App. 523, 527 (3 SE2d 916); *Woodruff v. American Mut. Liab. Ins. Co.,* 67 Ga. App. 554, 560 (21 SE2d 298); *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (3) (23 SE2d 443); *Knight v. Fulton Indus.,* 123 Ga. App. 538, 540 (181 SE2d 691). The trial court held that the loss of sight occurred in September, 1977, and the board had disregarded the uncontroverted testimony of claimant entirely in regard thereto, and erroneously misconstrued the expert medical testimony that the expert had retracted his earlier opinion. The trial court was correct in its holding and did not err in remanding the case to the board.

However, based on the evidence before the board, an award was demanded by the evidence. Nevertheless, we feel the trial court should not have directed the board to enter an award in favor of the claimant. The board may consider other evidence when the case is recommitted to

it, even though, based upon the evidence presented, the claimant was entitled to a finding in his favor.

*Judgment affirmed in part and reversed in part. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 2, 1979.

*Michael Jablonski, Nancy R. Foster,* for appellants. *Rex T. Reeves,* for appellee.