## 62821. HART v. OWENS-ILLINOIS, INC.

POPE, Judge.

In our initial review of this case, we determined that appellant's claim for workers' compensation benefits due to a "change in condition" was barred by the limitation provision set forth in Code Ann. § 114-709 (b) (3) (now OCGA § 34-9-104 (b)). *Hart v. Owens-Illinois, Inc.,* 161 Ga. App. 831 (289 SE2d 544) (1982). This decision was reversed by our Supreme Court at 250 Ga. 397 (297 SE2d 462) (1982). Therefore, the decision heretofore rendered by this court is vacated. We now address the merits of appellant's remaining enumerations of error.

In her remaining enumerations appellant cites as error the superior court's reversal of the award of benefits to her by the State Board of Workers' Compensation. The record shows that a hearing on appellant's change-in-condition claim was held on August 18, 1980. Following appellant's testimony on direct examination, appellee began its cross-examination of her. After asking only three questions, all of which related to appellant's receipt of her last benefit check, appellee moved to dismiss appellant's claim on the ground that it was barred by the limitation provision of Code Ann. § 114-709 (b) (3). After a short discussion, the administrative law judge (ALJ) granted appellee's motion and dismissed the claim. An award to this effect denying appellant's claim was entered on August 29, 1980. Appellant filed a petition for review by the full board which, on

December 16, 1980, entered an award directing the payment of certain income benefits to appellant by appellee. The Board based the award upon its conclusion of law that Code Ann. § 114-709 did not bar appellant's claim and also upon findings of fact culled from a "de novo consideration of all the evidence." Appellee then appealed to the Superior Court of Lowndes County, which reversed the award of the Board on two grounds. In addition to finding that appellant's claim was barred by the subject statute of limitation, the court also found: "[I]t is clear that, at the time of the decision of the [ALJ] to deny Employee-Claimant's Motion for a Change in Condition, at the initial hearing without further evidence, the subsequent award of the Full Board . . . granting benefits to the claimant without remanding the claim to allow evidence by Owens-Illinois, Inc. was erroneous as a matter of law."

The thrust of the enumerations is that the above-quoted order of the superior court was not authorized because the court was bound to accept the Board's findings of fact if there was any evidence in support thereof. Appellant argues that the evidence considered by the Board was sufficient to support the award and that appellee had the opportunity to present evidence at the administrative hearing, or before the full board, but elected instead "to base its strategy upon the assumption that the statute of [limitation] was a complete bar to any recovery." Appellee counters that the Board's decision denied it the opportunity for a full and fair presentation of its case, including a thorough and sifting cross-examination of appellant.

The constitution of this state guarantees to all persons due process of law and unfettered access to the courts of this state. Art. I, Sec. I, Pars. I and IX, Constitution of Georgia of 1976 (Code Ann. §§ 2-101 and 2-109). These fundamental constitutional rights require that every party to a lawsuit (or a workers' compensation proceeding) be afforded the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. See *Zorn v. Walker,* 206 Ga. 181, 182 (56 SE2d 511) (1949); *Meyers v. Whittle,* 171 Ga. 509 (3) (156 SE 120) (1930); *Land v. Sellers,* 150 Ga. App. 83, 84 (256 SE2d 629) (1979). See also *Rachel v. Simmons Co.,* 141 Ga. App. 236 (233 SE2d 56) (1977). These rights also require that every party have the opportunity to conduct a thorough and sifting cross-examination of all witnesses against him, " '. . . especially where the witness is the opposite party to the cause on trial, and is testifying for the purpose of making out his own case.' " *Reynolds v. Reynolds,* 217 Ga. 234, 250 (123 SE2d 115) (1961), overruled on other grounds, *Scherer v. Scherer,* 249 Ga. 635 (2) (292 SE2d 662) (1982); *Owens v. Shugart,* 61 Ga. App. 177 (1) (6 SE2d 121) (1939). See *Hudson v. State,* 137 Ga. App. 439 (1) (224 SE2d 48) (1976); *Richter v. Atlantic Co.,* 65 Ga.

App. 605 (9) (16 SE2d 259) (1941); Code Ann. § 38-1705 (now OCGA § 24-9-64). These rights are granted to all parties, defendants as well as plaintiffs (see *West v. Haas,* 191 Ga. 569, 575 (13 SE2d 376) (1941)), and are applicable in workers' compensation proceedings. See Code Ann. § 114-707 (e) (1) (now OCGA § 34-9-102 (e) (1)).

It is patently clear from the record in this case that the Board's award in favor of appellant was made without affording appellee the opportunity to present any evidence in defense and also without affording it the opportunity to cross-examine appellant on the substantive merits of her claim. "Statutes of limitation look only to remedy and not to substantive rights . . ." *Dixie Constr. Co. v. Williams,* 95 Ga. App. 767, 770 (98 SE2d 582) (1957). Since the ALJ determined that appellant's claim was barred by Code Ann. § 114-709, he discontinued the hearing before appellee had the opportunity either to complete its cross-examination of appellant or to offer its evidence in defense. There is no evidence of record, nor does appellant contend, that appellee was afforded the right to put forth any additional evidence before the full board prior to the entering of its award. See generally *Binswanger Glass Co. v. Brooks,* 160 Ga. App. 701, 702-3 (288 SE2d 61) (1981). Under these circumstances, appellant's reliance upon the "any evidence" rule is wholly unfounded, and the legion of cases cited in support thereof are inapposite to the case at bar. Nor is there any merit in appellant's argument that appellee waived its right to present evidence by pursuing the statute of limitation defense. There is nothing in the record of this case to indicate that appellee intended to rely solely on the statute of limitation defense and relinquish forever its right to present evidence and cross-examine adverse witnesses. See generally 28 EGL Waiver and Abandonment, § 3.

Clearly, a party does not waive its right to cross-examination and to a full and fair hearing on the substantive merits of its defense by successfully asserting a plea in bar (such as a statute of limitation) at the trial and hearing level. If such a plea is later ruled ineffective on appeal, the proper procedure is to remand the case for a full presentation of evidence by all parties on the substantive merits thereof. See *American Mut. Liab. Ins. Co. v. Williams,* 133 Ga. App. 257, 259 (211 SE2d 193) (1974); *Travelers Ins. Co. v. Merritt,* 124 Ga. App. 42, 44 (183 SE2d 73) (1971); see also *Employers Fire Ins. Co. v. Heath,* 152 Ga. App. 185 (2) (262 SE2d 474) (1979). Cf. *Worley v. Travelers Indem. Co.,* 121 Ga. App. 179 (173 SE2d 248) (1970). Thus, the superior court correctly ruled that the Board had erred in not remanding the case to an ALJ so that appellee would have the opportunity both to cross-examine appellant and to present its evidence in defense.

*Judgment affirmed. Quillian, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1983 —
REHEARING DENIED MARCH 9, 1983 —

*G. Gerald Kunes, G. G. Joseph Kunes, Jr.,* for appellant.
*Warner R. Wilson, Jr., Norman S. Epstein,* for appellee.