A04A2044. OLIVER v. LEE COUNTY SCHOOL DISTRICT.
(606 SE2d 88)

PHIPPS, Judge.

Gregory Oliver sued the Lee County School District, d/b/a Lee County Board of Education (board or local board), for wrongful termination of his employment contract, back pay, and other damages. Oliver appeals the award of summary judgment to the board. We find no error and affirm.

The board agreed to employ Oliver as principal of the Lee County High School for school years 2000 through 2002. Shortly after the beginning of the 2000 school year, the superintendent of the school district notified Oliver by letter that he was recommending that the board terminate Oliver's employment contract because he had made false representations on his employment application and for other reasons. The letter informed Oliver that the requisite hearing was to be held before the board on October 17. At Oliver's request, a continuance was granted and the hearing was held on October 26. Oliver appeared and requested another continuance because his attorney was absent. After denying the request, the board approved the superintendent's recommendation to terminate Oliver's contract.

On appeal, however, the State Board of Education reversed the local board's decision on grounds that the local board's refusal to grant Oliver's request for a continuance had resulted in denial of his right to counsel under Georgia's Fair Dismissal Act.[1] The Superior Court of Lee County upheld the state board's reversal of the local

---

[1] OCGA § 20-2-940.

board's decision based on denial of Oliver's request for a continuance; but, the court reversed the state board's decision to the extent that it could be read as reversing the local board's decision as not being supported by the evidence, and the court remanded the matter to the local board for another hearing.[2] We denied the local board's application for discretionary appeal of the superior court's order.

Before a new hearing was conducted by the board, Oliver resigned his position. Incident to his resignation, Oliver and the board entered into a stipulation and agreement under which he waived his right to another hearing before the board. The parties agreed that nothing contained in the stipulation would affect any claim or defense either party had in connection with pending or future litigation between them except as expressly provided in the stipulation.

Shortly before he resigned, Oliver brought this suit charging the board with breach of contract and seeking compensatory damages of $230,847, attorney fees, and litigation expenses. The board answered the complaint and filed a counterclaim seeking a declaration that Oliver's employment contract was voidable for fraud. Oliver moved for partial summary judgment, arguing that his employment contract had never been terminated in compliance with the Fair Dismissal Act and that he is thus entitled to receive his full salary from the date the superintendent relieved him of his duties until the date of his resignation. The board filed a cross-motion for summary judgment. The board argued that the reversal of its decision did nothing more than entitle Oliver to another hearing; that Oliver waived his right to that hearing when he resigned; that he is barred from seeking judicial relief because of his failure to exhaust his administrative remedies; and that the facts, in any event, show without dispute that the board was authorized to terminate Oliver's employment contract because of fraudulent misrepresentations by him in his employment application.

1. Oliver argues that the board was not entitled to summary judgment because there are triable issues of fact as to the elements of the board's claim of contract rescission based on his fraud. We disagree.

Under OCGA § 20-2-200 (a), "certificated professional personnel" (which includes school principals) shall not be employed in the public schools of this state unless they hold certificates issued by the Professional Standards Commission certifying their qualifications and classification. In support of its motion for summary judgment, the board showed without dispute that the Professional Standards Commission denied Oliver's application for a Georgia educator's

---

[2] See *Hart v. Owens-Illinois, Inc.*, 165 Ga. App. 681 (302 SE2d 701) (1983).

certificate in part based on his failure to disclose his criminal and employment history on his application for employment with the Lee County School District. On appeal by Oliver, the administrative law judge granted the commission's motion for summary determination; and, on Oliver's petition for judicial review, the Superior Court of Fulton County affirmed. As a matter of law, the action by the Professional Standards Commission, as affirmed by the administrative law judge and superior court, provides justification for the board's termination of Oliver's employment contract.

2. Oliver argues that the superior court should not have considered any of the documents relied on by the local board in support of its motion for summary judgment (including the decision of the Professional Standards Commission) because, as held by the superior court in the appeal from the decision of the state board, those documents were improperly admitted at the hearing before the local board.

In Oliver's appeal from the state board's decision, the superior court in effect held that the hearing officer had erred in overruling Oliver's objection to introduction of the documents before a proper foundation was laid for their admission. Here, however, the question is not whether documents were properly admitted at the hearing before the board. The question is whether the superior court was authorized to consider the documents in ruling on the board's motion for summary judgment in this suit by Oliver against the board. Oliver has made no showing of error by the court in this regard.

3. Oliver argues that under the Fair Dismissal Act, the board was required to pay him his full salary until he was properly terminated.

In pertinent part, the Fair Dismissal Act provides:

> The superintendent of a local school system may temporarily relieve from duty any teacher, principal, or other employee having a contract for a definite term for any reason specified in subsection (a) of this Code section, pending hearing by the local board in those cases where the charges are of such seriousness or other circumstances exist which indicate that such teacher or employee could not be permitted to continue to perform his duties pending hearing without danger of disruption or other serious harm to the school, its mission, pupils, or personnel. . . . Such action by the superintendent shall not extend for a period in excess of ten working days, and during such period it shall be the duty of the local board to conduct a hearing on the charges. . . . During the period that the teacher or other employee is relieved from duty prior to the decision of the local board, the teacher or employee shall be paid all sums to which he is

otherwise entitled. If the hearing is delayed after the ten-day period ... at the request of the teacher or employee, then the teacher or employee shall not be paid beyond the ten-day period unless he is reinstated by the local board, in which case he shall receive all compensation to which he is otherwise entitled.[3]

Oliver does not dispute that the charges against him were so serious that the Act authorized the superintendent to temporarily relieve him of his duties. The Act required the board to continue to pay Oliver all sums to which he was otherwise entitled either for the ten-day period after he was relieved of his duties or until the local board rendered its decision. The board paid Oliver's salary until the latter date. After that, the Act required the board to resume payment of his salary only if he obtained reinstatement, which he has not. The violation of Oliver's right to counsel would have been cured by another hearing before the board absent a waiver of such hearing by Oliver. Absent reinstatement, violation of Oliver's right to procedural due process by denial of counsel at the hearing did not entitle him to continued payment of his salary.[4]

4. Oliver argues that he became contractually entitled to his full salary until the date of his resignation because, in the letter notifying him of the charges against him, the local board agreed that he would "remain on paid administrative leave pending the hearing."

The "hearing" referred to in the letter was the hearing initially scheduled for October 17 but held on October 26. Because the board paid Oliver his full salary through the date of the hearing, it fulfilled any agreement to which it became bound in the letter.

5. Remaining issues are moot.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 13, 2004.

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*W. Edward Meeks, Jr.*, for appellee.

---

[3] OCGA § 20-2-940 (g).
[4] See *Wilson v. Taylor*, 658 F2d 1021, 1031-1035 (5th Cir. 1981), citing *Carey v. Piphus*, 435 U. S. 247 (98 SC 1042, 55 LE2d 252) (1978).