48773, 48774. UNITED STATES FIDELITY &
GUARANTY COMPANY et al. v. KELLEY;
and vice versa.

BELL, Chief Judge.

The insurer in this workmen's compensation case, appeals from the judgment of the superior court and the claimant cross appeals.

1. *The Main Appeal.* At issue is the correctness of the superior court's judgment reversing and remanding the case to the Workmen's Compensation Board on the basis that the board exceeded its powers and followed an erroneous legal theory in making an award on the insurer's request for a hearing on the ground that a change of condition had occurred. The board found as a fact that an economic change of condition occurred on September 5, 1972 when the claimant returned to work on a full time basis and that the claimant had still a partial incapacity of fifty percent of loss of the use of his thumb. The Board entered an award stating that effective September 5, 1972 the claimant was entitled to $25.00 a week compensation for a period of sixty weeks. The earlier award was for total incapacity for work and granted the claimant compensation for a period of fifty-two weeks commencing on March 26, 1972. The change in condition section of the Workmen's Compensation Act, as amended, provides in pertinent part that the "new award shall be effective as of the time the change in condition actually occurred as found by the board, notwithstanding the retroactive effect of such award." Code Ann § 114-709. The superior court in its order apparently decided that the board followed an erroneous legal theory and exceeded its powers in that it authorized compensation payments terminated retroactively to September 5, 1972 and that this action of the board in making this award was contrary to Code Ann. § 114-709 and contrary to Rule 17 of the board. We do not agree. The record clearly shows that the board followed authority given it by the change of condition section. This section authorizes the board to find the fact as of the time it actually occurred even though it may result in a retroactive award. The superior court was led into error

by the case of Davis v. Caldwell, 53 FRD 373. The decisions of the United States District Court are not binding on us. In Davis a three-judge court found that the then Code Ann. § 114-709 and Rule 17 of the board were unconstitutional as the statute and the rule invited and permitted unilateral termination of previously adjudicated benefits without a hearing as to the recipient's alleged change of condition. Since the Davis decision the General Assembly amended the statute and the board amended its rules eliminating the language the District Court found to be objectionable. The board found as a fact that as of September 5, 1972 the claimant had an economic change of condition and this finding is supported by the evidence. Hence, he was no longer entitled to the compensation awarded to him on a prior agreement between the parties. The judgment of the superior court is reversed with direction that the court enter judgment affirming the board's award.

2. (a) *The Cross Appeal.* The claimant contends on the cross appeal that there is no evidence in the record to show that the change of condition occurred on September 5, 1972. There is sufficient evidence. The defendant admitted that he returned to work on September 1, 1972.

(b) Claimant was permitted to testify as to what use he could make of his thumb but the hearing director would not allow him to give an opinion as to the percentage of his impairment to the thumb. This was not error as claimant, while competent to give testimony as to the condition of his thumb, is not competent to give an opinion as to the percentage of disability. This is for the board to determine. *Royal Indem. Co. v. Babb,* 66 Ga. App. 51 (16 SE2d 907).

*Judgment reversed with direction on main appeal; affirmed on cross appeal. Deen and Quillian, JJ., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED FEBRUARY 19, 1974.

*Hopkins & Gresham, H. Lowell Hopkins,* for appellants.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellee.