31426. FOSTER v. ALADDIN MILLS, INC. et al.

INGRAM, Justice.

This is an appeal directed to this court from an order of the Superior Court of Whitfield County which affirmed the action of the State Workmen's Compensation Board terminating previously awarded compensation benefits to the appellant. The appeal to this court is predicated upon a constitutional attack on Ga. L. 1975, pp. 198-207 (the 1975 amendment to Code Ann. § 114-707).

Briefly, these are the facts which produced the present dispute: After appellant had been awarded workman's compensation benefits for an injury she had received, her employer, the appellee, filed an application with the State Workman's Compensation Board alleging that appellant had experienced a change in her condition. In a hearing on the matter, the administrative law judge admitted into evidence a letter sent by the physician treating appellant to the employer's insurer, stating that she was no longer physically impaired. This was admitted under Code Ann. § 114-707, which provides in part that a medical report of a physician is admissible insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person whose signature appears thereon subject to the right of the opposite party to cross-examine the witness and if necessary to provide rebuttal testimony. Appellant was given an opportunity to examine the physician, who was not present at the hearing, but declined to do so.

The gist of appellant's argument is that the 1975 amendment to Code Ann. § 114-707 deprives her of the right to confront and cross examine this adverse medical witness. We think the answer to this argument can be found in a correct interpretation of the statute itself. Only one case interpreting this 1975 amendment to Code Ann. §.114-707 has come to our attention. It is *Commercial Union Ins. Co. v. Crews,* 139 Ga. App. 521 (1976). In Division 2 of that opinion, Judge Stolz, writing for the court, points out that this Code section "provides for receipt in evidence of medical reports and for cross-examination by the opposing party," and details the authority and procedure involved in the use of deposition in workmen's compensation proceedings. We agree with his analysis and find no merit in the present constitutional attack upon this statute.[1] We hold that appellant was not denied an opportunity to confront and cross examine this witness as the statute provided her the

[1]Cf. Dow Chemical Co. v. Workmen's Comp. Appeals Bd., 67 Cal 2d 483 (432 P2d 365) (1967); Baker v. Industrial Comm., 44 Ohio App. 539 (186 NE 10) (1933); and Derby v. Swift & Co., 188 Va. 336 (49 SE2d 417)

right to do so. There is no constitutional right in this case to confront and cross examine the witnesses in the courtroom. See United States v. Zucker, 161 U. S. 475 (1896).

This appeal will be transferred to the Court of Appeals for its consideration of the remaining enumerations of error, as they fall within the appellate jurisdiction of that court.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1976 — DECIDED OCTOBER 5, 1976.

*Little & Adams, Robert B. Adams,* for appellant.
*Smith, Shaw, Maddox, Davidson & Graham, William E. Davidson, Jr., Jack R. Hancock,* for appellees.

(1948); see also Reynolds Metals Co. v. Industrial Comm., 98 Ariz. 97 (402 P2d 414) (1965).