### 53276. FOSTER v. CONTINENTAL CASUALTY COMPANY et al.

STOLZ, Judge.

After the appellant-claimant had been awarded workmen's compensation benefits, a change of condition application was filed by the appellee-employer and its insurer. In a hearing on the matter, the administrative law judge admitted in evidence a copy of a letter allegedly sent to the appellees by the appellant's physician, stating that she was no longer impaired. Based on the testimony from an administrative hearing, the workmen's compensation board terminated the appellant's benefits retroactively to the date at which they found her to be capable of returning to work. This award was affirmed by the superior court. The case was appealed to the Supreme Court, which, after considering a constitutional issue and holding that the appellant had an adequate right to cross examination, transferred the case to this court. *Foster v. Aladdin Mills,* 237 Ga. 704 (229 SE2d 451) (1976). We affirm the superior court's holdings on the remaining issues.

1. The appellant poses numerous objections to the aforementioned copy of the letter to the appellees stating the medical opinion of Dr. Heywood. The communication was under the apparent letterhead of Dr. Heywood, who was the appellant's physician, and appears to have been signed by the doctor. It states that it is in reference to "Miss Celia Foster." The text of the letter states in its entirety: "Mrs. Foster has not been seen in my office since her visit in October, 1974. I do not believe her complaints

have any relationship to her work injury and she has no impairment from the orthopaedic point of view. I do not feel that further medical investigation is indicated. And I do not feel that your company or Aladdin Mills has any liability toward her." The letter was admitted in evidence pursuant to Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207).

On appeal, the appellant's first objection to the document is based on the best-evidence rule. However, at the administrative hearing, among the appellant's many objections to the letter there was not included a best-evidence objection. It is well settled that this court will not consider questions raised for the first time on appeal. *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 480 (191 SE2d 298) (1972); *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146 (2) (132 SE2d 90) (1963); *Dawson Paper Shell Pecan Co. v. Montezuma Fertilizer Co.,* 19 Ga. App. 42 (1) (90 SE 984) (1916).

2. The appellant next claims that, because the letter from Dr. Heywood would be inadmissible under the business records exception to the hearsay rule, it was error to admit it in evidence in the instant case. We find this contention to be meritless, however. Letters and reports admitted in evidence pursuant to Code Ann. § 114-707, supra, although hearsay, are not subject to the business records exception. Code Ann. § 114-707 itself created an exception to the hearsay rule.

3. The appellant contends that an improper foundation was laid for the admission of Dr. Heywood's letter in evidence. It is fundamental that, in normal circumstances, the purported author's signature must be proved in order to authenticate a letter. Code § 38-701.

However, Code Ann. § 114-707, supra, was passed by the General Assembly in an attempt to create a means for the simple and inexpensive presentation of medical evidence. In order for this obvious intent to be put into effect, it is necessary that we allow documents which prima facie appear to be medical reports from qualified physicians to be admitted in evidence without proof of signature. To hold otherwise would require either the doctor, one familiar with his signature, a handwriting expert, or a witness to the signing of the report to appear

at a workmen's compensation hearing, thus adding a new complexity to the proceeding, in frustration of the legislature's attempt to simplify matters. If there is any question as to the authenticity of medical reports or the signatures on them, this would be an issue for cross examination by deposition.

4. For the same reasons as discussed above, it is not incumbent on the party to prove that the person whose name is on the medical report is the claimant. An identity of names between the claimant and the person named in the report, as well as an identity in their medical problems, is sufficient to allow introduction of the document in evidence. If the adverse party wishes to challenge the report on the ground that it is the report on a person other than the claimant, the adverse party may do so by cross examination.

5. Code Ann. § 114-707, supra, allows admission in evidence of a medical report "insofar as it purports to represent the history, examination, diagnosis, treatment and prognosis" of the claimant's condition. The letter of Dr. Heywood, to which the appellant objects, indicated the diagnosis and prognosis of the doctor as well as his proposed treatment, or rather his indication that no further treatment was necessary. The physician's letter did not contain either a history of the claimant's illness or detailed reports of examination results.

The appellant objects to the letter on the ground that the use of the conjunction "and" in Code Ann. § 114-707 requires that all five elements quoted above be included in a doctor's report. However, we believe that the General Assembly intended that a medical report be admitted in evidence if it includes any or all of the five elements. The statute allows admission in evidence *"insofar as it purports to represent* the history, examination, diagnosis, treatment, and prognosis." (Emphasis supplied.) This language does not require that all five elements be included. Instead, the language is exclusive in character, stating that other things which may be found in a medical report are *not* admissible in evidence.

6. The appellant objected to the admission in evidence of Dr. Heywood's medical report because it included a sentence stating that his belief was that the

appellees had no liability toward the appellant. The report, of course, was admitted, and the appellant claims that it is error to allow such a letter containing a legal conclusion in evidence.

The appellant is correct in her contention, that a physician may not state his or her legal conclusion that a workmen's compensation claimant is not entitled to benefits. See *Hartford Acc. & Indem. Co. v. Camp,* 69 Ga. App. 758 (26 SE2d 679) (1943). However, it is not error to allow a document containing objectionable material in evidence if parts of the document are admissible and the objection seeks exclusion of the document as a whole. *Ruffin v. Bristol,* 125 Ga. App. 367 (1) (187 SE2d 577) (1972); *Calhoun v. Chappell,* 117 Ga. App. 865 (3) (162 SE2d 300) (1968); *Kilgore v. Nat. Life &c. Ins. Co.,* 110 Ga. App. 280 (2) (138 SE2d 397) (1964). It should be noted especially that Code Ann. § 114-707, supra, specifically provides for the right of a party to object to "the admissibility of any portion of the report."

In addition, this case was tried before an administrative law judge, without a jury. "All evidence [in workmen's compensation hearings] shall be adduced subject to the rules of evidence prescribed for civil proceedings in the superior courts of this State . . ." Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207). In a trial in superior court before a judge sitting without a jury, the admission over objection of inadmissible testimony is not reversible error. A trial judge sitting without a jury "has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony." *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380 (3) (181 SE2d 75) (1971); see *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917) (1973).

7. The award of the workmen's compensation board authorized the cessation of payments to the appellant effective at a date prior to the date that the appellees filed their change of condition application. Although the appellant contends that it is error to allow a retroactive award ceasing benefits, an award may apply retroactively to the time that a change of condition is found to have

occurred. Code Ann. § 114-709 (Ga. L. 1920, p. 191; 1931, pp. 7, 43; 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244); *U. S. Fidelity &c. Co. v. Kelley,* 131 Ga. App. 6 (1) (205 SE2d 38) (1974).

8. There being evidence to support the change of condition award, we find the appellant's challenge on the general grounds, that the appellees failed to prove their case, to be without merit. See *Brown v. Lithonia Lighting Products Co.,* 138 Ga. App. 600 (226 SE2d 607) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 25, 1977.

*Robert B. Adams,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, William E. Davidson, Jr., Jack R. Hancock,* for appellees.