## 56955. BARKLEY v. HOME INDEMNITY COMPANY et al.

DEEN, Presiding Judge.

1. In a workers' compensation case "the director may admit any and all evidence but presumptively relies only on competent and valid evidence in making his findings of fact to support the award." *Travelers Ins. Co. v. Hutchens,* 106 Ga. App. 631 (127 SE2d 712) (1962). The statutory grounds of appeal are set out in Code § 114-710, and do not include the erroneous admission of evidence over objection, although of course if it appears that such evidence caused an award to be entered on an erroneous

legal theory this court would have authority to reverse. Here an objection was made and overruled to the admission of certain documentary evidence, but it does not appear that, if the material was irrelevant, the award was entered on the basis of its contents.

2. This employee fell and injured his back while at work on August 22, 1977. On September 1 bedrest for a fortnight was prescribed. The employee attempted to return to work on September 2 but found he could not work and returned home during the day. His employment was terminated on September 8. He was hospitalized and examined on October 4, and a medical finding made that most of his complaints were functional. The administrative law judge held hearings on November 14, 1977, and on January 10, 1978. He found the injury employment-connected and the disability total in an award dated February 10, 1978. The award was appealed to the full board which affirmed the original award through November 14, 1977, but held that any disability after November 15 was not connected with this accident. There is in fact considerable testimony of other back injuries, and evidence that this sprain was mild in character, plus additional evidence taken at the January, 1978 hearing, including admissions by the claimant that he had improved since the November hearing, and that he had been offered an excellent position with another company.

The appellant contends that there was insufficient evidence in the record, after proof of the original injury, to establish a cut-off date for the disability between the dates of the first and second hearings. There is, however, sufficient evidence to show a change of condition. We therefore concur in the judgment of the superior court judge on appeal affirming the revised award of the full board.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

ARGUED JANUARY 8, 1979 — DECIDED JANUARY 29, 1979.

*Brown, Harriss, Hartman & Ruskaup, Don L.*

*Hartman,* for appellant.
*Swift, Currie, McGhee & Hiers, James B. Hiers, Richard S. Howell,* for appellees.