### 59929. McCAIN v. SMITH.

SOGNIER, Judge.

Appellant (McCain) brought suit on a contract alleging that appellee (Smith) agreed to install a concrete driveway at her

residence for the sum of $1,035; that appellee claimed the driveway would not crack; and that the driveway installed by Smith later cracked. McCain sought $1,035 actual damages and $300 "consequential" damages to have the "worthless" driveway removed.

After the conclusion of McCain's evidence, the trial court granted appellee's motion for directed verdict against McCain on the ground that no compensatory damages were proven. The judgment was thereafter modified and entered in favor of appellant for costs only. Appellant and appellee agreed to the modification and reserved to appellant the right to appeal the question as to whether the evidence of compensatory damages was sufficient to withstand a directed verdict.

1. Nowhere does the record reveal any attempt by appellant McCain to rescind the contract. It is well settled that issues raised for the first time on appeal will not be considered by this court. *White v. Front Page, Inc.,* 154 Ga. App. 518 (268 SE2d 732) (1980); *Foster v. Continental Cas. Co.,* 141 Ga. App. 415, 416 (233 SE2d 492) (1977); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 480 (191 SE2d 298) (1972).

2. Appellant's testimony, the only evidence as to actual damages, was that she had paid $1,035 to have the concrete driveway installed; that appellee had failed to live up to his contract; and that the driveway had cracked in several places. Appellant also testified that she wanted the driveway removed but did not know what this would cost. Such evidence is not enough to prove damages; ". . . neither the pleadings nor the contentions made therein, including the amount of damages alleged and sought to be recovered, is evidence. It is not raised to that level merely by reference made to it, by counsel or by a witness." *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99, 104 (179 SE2d 552) (1970).

Appellant failed to carry the burden of proving her damages. The directed verdict by the lower court as modified is affirmed.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MAY 6, 1980 — DECIDED
SEPTEMBER 2, 1980.

*William T. Payne,* for appellant.
*Berl T. Tate,* for appellee.