### 72260. SOUTHWIRE COMPANY v. CATO.
(347 SE2d 656)

POPE, Judge.

In the original award entered in this workers' compensation case on December 3, 1981, the Administrative Law Judge (ALJ) found that the claimant had incurred "an injury by accident arising out of and in the course of his employment when he suffered a heart attack and died after he returned to Carrollton at 2:00 p.m., from a two-day

trip to Cincinnati and Columbus, Ohio; checked out and then spent over two and one-half hours in employer's parking area transferring his personal items from an old tractor to a new one assigned to him that day. It is found as fact that such activities involving driving and climbing into and out of a large truck tractor were fatiguing, required considerable exertion, and might have or could have contributed to claimant's subsequent heartattack and death. It is further found as fact that following his exertions, claimant returned home and soon after his wife saw him there around 6:30 p.m., he told her he had an upset stomach and needed an Alka-Seltzer. At dinner, the deceased told his wife he had gotten his new truck and that 'he did not know he had so much stuff in his old truck to move over . . . ,' and later asked for Tums. All of the foregoing facts, when considered in light of claimant's prior history of hypertension; his propensity to smoke; and medical testimony that if claimant was fatigued a heartattack might or could have contributed to claimant's death, support a finding of fact based upon a natural inference that claimant's death was work related."

The employer/insurer Southwire appealed to the full Board, which affirmed the award. Upon appeal to the superior court the award was affirmed pursuant to the "any evidence" rule. After an application for discretionary review was denied by this court, the Supreme Court granted certiorari to determine "whether the 'natural inference from human experience' is applicable to a heart attack occurring at a time when the employee is not engaged in the employer's business." *Southwire Co. v. Cato,* 250 Ga. 895 (302 SE2d 91) (1983). With three justices dissenting, Chief Justice Hill held for the majority that the "natural inference" was not available in such situations, and that "[i]nasmuch as the award of compensation was incorrectly based in part" on such inference (id. at 898), the case was remanded for further proceedings as in *Hoffman v. Nat. Surety Corp.,* 91 Ga. App. 414 (85 SE2d 784) (1955).

Upon remand, on July 7, 1983 without a further hearing the Board found "[a]fter consideration and weighing of all the evidence, including the conflicting medical opinions, and without reference to any natural [i]nference from human experience, . . . that the performance of [Cato's] ordinary duties of employment contributed to or precipitated his fatal heart attack [and that he] died as a result of an injury by accident arising out of and in the course of his employment." An appeal was made to the superior court, which on November 18, 1983 ruled that the Board's award was contrary to the Supreme Court's holding and remanded for further proceedings in accordance with *Hoffman v. Nat. Surety Corp.,* supra. Noting that in *Hoffman* the case was remanded to the Board with leave to the claimant, if she desired, to present testimony on the issue of whether the

exertion of the employee contributed to his death, the superior court reasoned that the Board "obviously found that there was ample evidence in the original hearing to determine that the exertion of the employment contributed to [Cato's] death. The thrust of [*Hoffman*] was that there was not ample evidence that exertion contributed to the deceased's death and it gave the claimant the opportunity to present evidence along those lines. The Supreme Court could have found in this case that there was ample evidence in the record that the exertion of the employment contributed to the employee's death, but they in fact did not do so, but ordered the Full Board to hold a hearing on that issue. Logic would seem to follow if claimant had the opportunity to present such evidence, that the employer should have the opportunity to rebut, though the Full Board has apparently decided by its Award of July 7th, 1983 there is ample evidence of exertion that contributed to the employee's death, the employer has not been given the opportunity to rebut same." Holding that the award was thus contrary to the Supreme Court's ruling, the superior court ordered the case to be remanded to the Board to "hold a hearing in the matter and [give the claimant] an opportunity to present evidence of exertion of employment that contributed to the death of the employee."

The Board on February 21, 1984 remanded the claim to the ALJ to receive evidence pursuant to the superior court's order and a hearing was held on April 18, 1984 at which the only evidence offered by the claimant was a one-page medical report signed by Dr. R. V. Rao and excerpts from a book by E. Grandjean, Director of the Institute for Industrial Hygiene and Work Physiology in Zurich, Switzerland entitled "Fitting the Task to the Man." Southwire objected to admission of Dr. Rao's report on the ground that only reports of the claimant's examining or treating physicians could be introduced in lieu of an actual appearance. The ALJ allowed the report, subject to the Board's decision. The Board by interlocutory order overruled Southwire's objection to the report and also granted its motion for a 30-day extension in order to depose Dr. Rao. When no deposition was taken, the following order was issued on June 11, 1985: "After consideration of all the evidence, including all conflicting medical opinions, and without reference to any natural inference from human experience, the Board finds that the performance of [Cato's] ordinary duties of employment contributed to or precipitated his fatal heart attack. Deceased, therefore, died as a result of an injury by accident arising out of and in the course of his employment."

Southwire again appealed to the superior court, which on October 29, 1985 issued an order briefly recounting the foregoing facts, including the objection to Dr. Rao's report. The superior court relied upon the statement in *Hoffman*, supra at 414, that "in order for there to be a recovery on the part of the claimant, either the evidence must show

the work engaged in by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack, *or there must be medical testimony that the exertion, however slight, would have been sufficient to precipitate such an attack.*" (Emphasis supplied by the superior court.) Since the Board specifically eschewed the natural inference and there was evidence presented that Cato's job-related exertion could have triggered the cardiac arrythmia causing his death, the superior court determined that it did not have authority to substitute itself as a fact-finding body in lieu of the Board, and affirmed the award of June 11, 1985. Southwire then filed an application for discretionary appeal to this court, which was granted. It contends that the superior court erred as a matter of law in affirming the Board's award because (1) it was based in part upon an inadmissible medical report; (2) the Board exceeded its statutory authority by admitting evidence over its objection; (3) there was no evidence to support the award as previously determined by the Supreme Court in *Southwire Co. v. Cato,* supra; and (4) except for the inadmissible medical report, the record in the case has not been changed since the Supreme Court ruling. *Held:*

We do not agree that the Supreme Court's ruling precluded the award made by the ALJ and affirmed by the Board on remand pursuant to the holding in *Hoffman v. Nat. Surety Corp.,* supra. The Supreme Court holding was that "[i]nasmuch as the award of compensation was incorrectly based *in part* on the 'natural inference,' " the case was reversed. (Emphasis supplied.) *Southwire Co. v. Cato,* supra at 898. As the superior court correctly noted, *Hoffman* sets a two-pronged standard for the claimant's burden of showing that the deceased's exertion in the duties of his employment contributed toward precipitating the fatal heart attack, to wit: "Where evidence as to the work engaged in shows it to be sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that it did so contribute, this is sufficient. *In other cases, the opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did. But, in one way or another, the fact must appear.*" (Emphasis supplied.) *Hoffman,* supra at 417.

Thus, while the Supreme Court did prohibit the use of the presumption in heart attack cases following exertion at work where the first symptom of the attack occurs at a time when the employee was not engaged in the employer's business, it also directed on remand of this case that the issue be determined under the second prong, italicized above. This is precisely what the ALJ and the Board did; they

reviewed the past evidence of record, allowed the other evidence tendered as directed on remand, and reached a decision "without reference to any natural inference from human experience."

Nor do we agree that Dr. Rao's report was improperly admitted under OCGA § 34-9-102 (e) (2), which provides: "Any medical report on a form prescribed by the board or in narrative form signed and dated by an examining or treating physician *or other duly qualified medical practitioner* shall be admissible in evidence insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person signing the report, . . . subject to the right of any party to object to the admissibility *of any portion of the report* and subject to the right of an adverse party to cross-examine the person signing the report and provide rebuttal testimony within the time allowed by the administrative law judge." (Emphasis supplied.)

Dr. Rao's report stated that he had conducted an independent medical evaluation of Cato's condition based upon review of Cato's medical records, the trial transcript and exhibits and Southwire's driving logs, as well as research of medical literature. As such it purported to represent the history and diagnosis of Cato's heart attack by a duly qualified medical practitioner, which was sufficient for purposes of the statute. *Foster v. Continental Cas. Co.*, 141 Ga. App. 415 (5) (233 SE2d 492) (1977). Moreover, the statute "specifically provides for the right of a party to object to 'the admissibility of any portion of the report.' " Id. at 418. "However, it is not error to allow a document containing objectionable material in evidence if parts of the document are admissible and the objection seeks exclusion of the document as a whole. [Cits.]" Id. "[A]ny question as to the authenticity of medical reports . . . would be an issue for cross-examination by deposition." Id. at 417. Southwire deprived itself of the right to cross-examine Dr. Rao by failing to utilize the continuance it was granted to follow the procedure provided by law. Cf. *Commercial Union Ins. Co. v. Crews*, 139 Ga. App. 521 (2) (229 SE2d 14) (1976). In any event, while § 34-9-102 (e) (2) "provides the opportunity for opposing counsel to object to medical reports, it does not provide a new ground of appeal based on the contention that evidence was illegally admitted or excluded, as contended here. [OCGA § 34-9-105.]" *Nationwide Mut. Ins. Co. v. Porter*, 150 Ga. App. 513, 515 (258 SE2d 135) (1979). See also *Barkley v. Home Indem. Co.*, 148 Ga. App. 813 (1) (253 SE2d 234) (1979).

Since there was sufficient evidence in the record apart from the "natural inference" to authorize the award of compensation based upon the findings and conclusions of the ALJ and the Board in compliance with the Supreme Court's direction, and because there was no application of any erroneous legal theory, the superior court correctly determined that the "any evidence" rule precluded it from reversing

the award. E.g., *G & H Logging v. Burch*, 178 Ga. App. 28 (1) (341 SE2d 868) (1986); *Francis Egg Farm v. Durrance*, 169 Ga. App. 879 (315 SE2d 436) (1984).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 27, 1986 —
REHEARING DENIED JULY 15, 1986 — 

*James T. McDonald, Jr., Joseph A. Munger*, for appellant.
*C. C. Perkins*, for appellee.