## 72760. WARNER ROBINS TREE SURGEONS, INC. et al.
## v. KOLB & COMPANY, INC.
### (351 SE2d 486)

BENHAM, Judge.

Appellee filed a suit on account against appellant Warner Robins Tree Surgeons, Inc. ("Tree Surgeons"); and, on the strength of an individual personal guaranty allegedly executed by appellant Ronald L. Adams, appellee sought judgment against appellant Adams as well. An answer admitting the allegations against Tree Surgeons and denying Adams' liability was filed, as was a counterclaim asserted by Tree Surgeons. After discovery, appellee moved for and was granted summary judgment on its claim against appellants as well as on Tree Surgeons' counterclaim. Appellant Adams complains that summary judgment was improperly entered against him, and appellant Tree Surgeons takes issue with the grant of summary judgment in favor of appellee on Tree Surgeons' counterclaim.

1. Appellee propounded to appellant Adams a single request for admission, to which Adams never filed a response. By failing to answer or object to the request, appellant Adams admitted that "[t]he signature on the signature line marked 'signature' in the bottom right hand corner of [the individual personal guaranty] is that of Defendant *Robert* L. Adams." (Emphasis supplied.) Appellant *Ronald* L. Adams argues on appeal that he cannot be held responsible as the personal guarantor of the Tree Surgeons' debt on the basis of his admission that the guaranty signator was that of Robert L. Adams. Appellee maintains that the error contained in the request for admission was typographical or clerical in nature and should not stand in the way of the grant of summary judgment. We disagree.

Appellee's position is based upon judicial interpretation of clerical or typographical errors contained in pleadings. See, e.g., 71 CJS 118, Clerical Errors; Mistakes in Writing or Spelling, § 50. Requests for admission, however, are not part of the pleadings in a case but are in the nature of evidence. *Brooks v. Roley & Roley Engineers*, 144 Ga. App. 101 (1) (240 SE2d 596) (1977). "In form and substance an admission under [OCGA § 9-11-36] is . . . generally regarded as a judicial admission . . . [which] is conclusive." *Albitus v. Farmers &c. Bank*, 159 Ga. App. 406, 407 (283 SE2d 632) (1981). By his failure to respond, appellant Adams admitted that the signature on the personal guaranty was that of Robert L. Adams; he did not admit that the signature was his. Since substantive typographical or clerical errors have no place in judicial admissions, appellant Adams' admission cannot be deemed an admission that he signed the personal guaranty. In the absence of an admission that appellant Adams signed the personal guaranty or uncontroverted evidence that he signed the personal guaranty, summary judgment on the issue was improperly

granted appellee.

2. Appellant Tree Surgeons protests the grant of summary judgment against it on its counterclaim. In its counterclaim, Tree Surgeons alleged that the parts purchased by it from appellee (and for which appellee was seeking payment) "were defective and were unable to be used," causing Tree Surgeons to cancel several jobs for which it had contracted. Appellant's pleadings can be construed as claims of breach of the implied warranties of merchantability and fitness. See OCGA § 11-2-314. These warranties exist between a buyer and merchant seller of goods.

Appellee moved for summary judgment based upon facts deemed admitted by Tree Surgeons due to its failure to respond or object to requests for admissions. By its inaction, Tree Surgeons admitted, among other things, that it had never notified appellee of any defect in the merchandise it had purchased from appellee. Summary judgment was appropriate since Tree Surgeons had failed to give appellee notice of the alleged breaches within a reasonable time thereof as required by OCGA § 11-2-607 (3) as a condition precedent to bringing the counterclaim asserted. See *Oden &c. Used Cars v. Thurman*, 165 Ga. App. 500 (1) (301 SE2d 673) (1983). Compare *Jones v. Cranman's Sporting Goods*, 142 Ga. App. 838 (10) (237 SE2d 402) (1977).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1986.

*Charles V. Bond, Jr., Kenneth E. Lucas*, for appellants.
*Wesley J. Boyer, Ronald C. Thomason*, for appellee.