## 75662. CARROLLTON COCA-COLA BOTTLING COMPANY et al. v. MOZLEY.

(368 SE2d 371)

McMURRAY, Presiding Judge.

We granted a discretionary appeal in this workers' compensation case to review the superior court's decision to uphold an award of death benefits to the claimant. We affirm.

Claimant is the widow of the deceased employee. The employee, a maintenance man, serviced drink dispensing machines for the employer. On the day in question, he worked a full day. Then, for extra pay, he went to work at a football game where he was to service the machines in the employer's "special events" trailer from which refreshments were sold. Stopping at home before the game, the employee complained of indigestion and rubbed his chest.

During the game, the drink dispensing machines did not need to be serviced. Nevertheless, the employee helped the people operating

the machines by carrying ice in a five gallon bucket. After the game, he hooked the drink machine trailer to a truck and began driving home. Later, the employee's truck was found in a ditch; the trailer was still on the road. The employee was slumped over the steering wheel; he was dead.

It was determined that the employee died from a heart attack (an acute myocardial infarction). Prior to the attack, the employee had not been in perfect health. He suffered from diabetes, hardening of the arteries, and cirrhosis.

Before the game, the employee drank at least two pony beers. He was accustomed to drinking beer when he drove home from a game and he probably did so on the night in question. An autopsy revealed that the employee's blood alcohol level was .07.

Following a hearing before the administrative law judge in July 1984 the record was left open until December for medical evidence. The autopsy report was submitted by the employer/insurer. No medical evidence was tendered by claimant, however, and in July 1985 the administrative law judge entered an award in favor of the employer/insurer.

The full board remanded the case, ruling that claimant should be afforded an additional 60 days (until December 23, 1985) to submit medical evidence. In granting the extension of time, the board stated that no further extensions were to be granted without the board's approval.

Medical evidence was not submitted within the 60-day extension period and no extension was approved by the board. In February 1986, however, the administrative law judge granted claimant an extension of time (until March 1, 1986) to tender additional medical evidence. Claimant submitted medical evidence on February 28, 1986.

The medical evidence submitted by claimant took the form of physicians' reports. The reports were rendered by six physicians in response to a hypothetical question propounded by claimant's counsel. (Our record does not contain the reports; it does, however, contain the hypothetical question.)

In October 1985, before claimant submitted any medical evidence, the employer/insurer submitted requests for admission to claimant. The requests sought admissions that claimant had no evidence demonstrating the employee's heart attack arose out of his employment. Additionally, claimant was asked to admit that the DeKalb County medical examiner "rendered an opinion that there was no causal connection between the claimant's heart attack and his work related duties." The clincher read: "In fact, the claimant's heart attack was not related to his employment with Carrollton Coca-Cola Bottling Company." Claimant did not respond to the requests in a timely fashion.

The employer/insurer objected to the consideration of the medical reports by the full board, contending that they were filed after the expiration of the extension period and that no extension of time was granted by the board. Instead of ruling that the medical evidence could not be considered, the board granted the employer/insurer additional time to cross-examine the physicians giving the reports. After the employer/insurer took the depositions of four of the physicians, the board gave consideration to all of the medical evidence, including the physicians' reports and the physicians' depositions. It then entered an award granting death benefits to claimant. The superior court affirmed. *Held*:

1. The employer/insurer contends the superior court erred in affirming the award because the board improperly considered the medical evidence. In this regard, the employer/insurer asserts the medical evidence was submitted untimely because the board did not grant an extension of time for the filing of the evidence. We disagree.

The board is "an administrative body which exercises judicial functions within the channels of the Act." *Continental Ins. Co. v. Mc-Daniel*, 118 Ga. App. 344, 345 (163 SE2d 923). In the exercise of its judicial functions, the board is vested with a wide discretion in governing its proceedings. See *Young v. Jones*, 149 Ga. App. 819, 823 (3) (256 SE2d 58). In our view, the board was entitled to consider the medical evidence submitted after remand even though it did not formally grant an extension of time to do so. An extension of time was granted by the administrative law judge. By considering the evidence, the board, in effect, approved of the administrative law judge's extension of time and granted the extension itself retroactively. It cannot be said that the board abused its discretion in this regard.

Even if the board did err in refusing to adhere to its original timetable, the employer/insurer cannot show harm. After all, the employer/insurer was given additional time by the board to test the medical evidence which claimant submitted and it cross-examined four of the physicians who gave an opinion on claimant's behalf. It is axiomatic that unless an error is prejudicial, it is not reversible.

2. The full board determined that decedent's fatal heart attack arose out of the course of his employment. In this regard, it found that the stress or physical exertion of the employee's employment was a cause or contributing factor of his heart attack. Such a finding was authorized under the "any evidence" rule. *Fox v. Liberty Mut. Ins. Co.*, 125 Ga. App. 285, 288 (187 SE2d 305). Although the physicians' initial reports may not have been accurate (since the hypothetical propounded by claimant may not have presented all of the facts), several physicians opined in their depositions that, more likely than not, the employee's heart attack was caused by the physical exertion of his employment. Those opinions were rendered after an accurate picture

of the employee's physical condition was painted by counsel for the employer/insurer. They were sufficient to authorize a finding that the employee's work contributed to his death. *J. D. Jewell, Inc. v. Peck*, 116 Ga. App. 405 (157 SE2d 806).

3. The employer/insurer argues that in light of claimant's failure to respond to the request for admissions, claimant has admitted that the employee's heart attack did not arise out of the course of his employment. See, e.g., *Piedmont Aviation v. Washington*, 181 Ga. App. 730 (353 SE2d 847). We cannot accept this analysis.

In the first place, the requests for admission were not introduced in evidence at the initial hearing. In fact, they were not submitted by the employer/insurer until the full board ordered that the record be opened for the submission of additional *medical* evidence. The requests were not medical evidence. They sought an admission that claimant did not obtain any medical evidence.

In the second place, the requests for admission were inartfully drafted. The gist of the requests sought an admission that "claimant's" heart attack was not related to "his" employment. But *claimant* did not suffer a heart attack. It was claimant's deceased husband, the employee, who suffered the heart attack. Thus, the failure to respond to this request for admission was, technically speaking, of no consequence.

The employer/insurer argues that both sides had made this mistake throughout the proceedings so that this court and the tribunals below should all interpret this admission as referring to the employee. While this explanation of "claimant" may be true, we cannot change the wording of the request. Since no identification is given and since there is only one claimant, we read it as referring to her. *Warner Robins Tree Surgeons v. Kolb & Co.*, 181 Ga. App. 20 (1) (351 SE2d 486) (1986). Thus, the admissions did not preclude the board's consideration of the medical evidence.

*Judgment affirmed. Birdsong, C. J., Banke, P. J., Carley, Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

This case involves matters of proof connecting the employee's heart attack to his employment.

The board remanded the case to the ALJ in October "[f]or receipt of medical evidence as to relationship, if any, of on-the-job activities and deceased's fatal heart attack." It further stated: "No extension of time for completion of the action required by this order beyond 60 days from the date hereof shall be granted without the approval of the board." No extension was approved by the board, but in February 1986, the ALJ ordered an extension until March 1, 1986.

In February claimant's counsel submitted an affidavit stating that he sent a hypothetical statement, the autopsy report on the employee, the death certificate, and the emergency room record to six other doctors for opinions. Although the affidavit states that their replies are attached, they are not in the record.

After this submission, the employer/insurer obtained an extension to allow cross-examination of the doctors by deposition. They are in the record.

Thus was comprised the record considered by the board in entering an award. The ALJ's decision against the claimant was unchanged as a result of the additional evidence. The superior court affirmed the board's award to her.

1. Employer/insurer enumerates as error the board's consideration of the medical reports after they were received beyond the sixty days specified in the October 1985 order remanding the case. The court concluded that the board's later consideration of the evidence was a ratification of the extension of its own order and that extensions had also been allowed to the employer/insurer for cross-examination, thus somehow justifying the late submission.

"The State Board of Work[ers]' Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly." *National Surety Corp. v. Orvin*, 209 Ga. 878, 880 (76 SE2d 705) (1953); *American Cas. Co. v. Wilson*, 99 Ga. App. 219, 221 (108 SE2d 137) (1959).

OCGA § 34-9-60 grants the board the power to "make rules, not inconsistent with this Title, for carrying out the provisions of this Title." These rule-making powers are limited to procedural and administrative matters. *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 285 (1) (293 SE2d 741) (1982).

Rule 102 (b) (3) provides that "[i]n cases pending before an administrative law judge, the record shall not remain open longer than 30 days without express permission of the administrative law judge *granted within the initial period*." (Emphasis supplied.)

Here, there was a specific prohibition in the board's October 1985 order of any extension beyond the sixty days without approval of the board. Nothing was done by either the board or the ALJ within the sixty days. Even if the ALJ had power within that period to grant an extension, he was not authorized to grant any extension outside of that period. Rule 102 (b) (3).

The board may not independently receive the medical reports authorized by OCGA § 34-9-102 (e) (2). These must be received by the ALJ. *Binswanger Glass Co. v. Brooks*, 160 Ga. App. 701, 703 (1) (288 SE2d 61) (1981).

The court cited no authority for its conclusion that the board had impliedly ratified the ALJ's extension of its order, and I have found

none. Both board and ALJ were authorized to act only within their authority provided by statute or by rule.

Also, the fact that employer/insurer availed itself of its statutory right to cross-examine the doctors providing the reports, OCGA § 34-9-102 (e) (2), and was timely granted extensions by the ALJ, does not justify the extensions to the claimant. The orders granting these extensions do not expressly prohibit extensions beyond a specified time as did the board's remand order.

In these circumstances, considering these reports was error. *Binswanger,* supra at 703.

2. The employer/insurer assigns error also with regard to the content of the reports. At the time they were tendered, objection was made on the grounds that none of the six doctors had examined Mozley and that the hypothetical question propounded to them contained numerous facts not in evidence. As the superior court acknowledged in its affirmance of the board's order, there are numerous errors and omissions in the hypothetical. That court concluded, however, that any harm was cured by the employer/insurer's cross-examination.

"'To qualify as a compensable injury under our workers' compensation law, 'heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis . . . (must be) shown by a preponderance of competent and credible evidence . . . (to be) attributable to the performance of the usual work of employment.' OCGA § 34-9-1 (4)." *Southwire Co. v. Eason,* 181 Ga. App. 708, 709 (353 SE2d 567) (1987).

Except as specifically altered by the workers' compensation statute, the rules of evidence pertaining to the trial of civil nonjury cases in the superior courts apply. OCGA § 34-9-102 (e) (1). OCGA § 34-9-102 (e) (2), one of those exceptions, provides that a medical report on a form prescribed by the board or in narrative form signed and dated "by an examining or treating physician *or other duly qualified medical practitioner* shall be admissible in evidence insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person signing the report, as if that person were present at the hearing and testifying as a witness. . . ." (Emphasis supplied.)

Since the doctors whose reports were tendered were not treating or examining physicians, they must be considered as "other duly qualified medical practitioners." The reports are admissible if they are the basis for the physician's opinion as an expert. OCGA § 24-9-67. Such an opinion may be given on facts proved by other witnesses, but it must be based on proven facts. *Home Ins. Co. v. Miller,* 146 Ga. App. 101 (245 SE2d 456) (1978); see *Fox v. Liberty Mutual Ins. Co.,* 125 Ga. App. 285, 287 (187 SE2d 305) (1972).

While a non-examining doctor may give his opinion based on an

accurate hypothetical or upon a review of the evidence given at the hearing and the medical records of the deceased, neither was done here. See *Southwire Co. v. Cato*, 179 Ga. App. 762, 766 (347 SE2d 656) (1986). The doctors relied upon in the board's order had seen only the erroneous hypothetical. Two stated that they also saw the autopsy report; the others may have also seen the emergency room records. None had reviewed any of the testimony concerning the deceased's job duties and his activities on the day of his death.

While the admission of these opinions may not be an independent ground for reversal, had they been timely submitted, see *Nationwide Mut. Ins. Co. v. Porter*, 150 Ga. App. 513, 515 (258 SE2d 135) (1979), the case would at least have to be remanded for reconsideration by the board to determine whether, absent the improperly admitted evidence, there is any admissible evidence to medically connect the heart attack to the deceased's job. *Fidelity & Cas. Ins. Co. v. Cigna/Pacific &c. Ins. Co.*, 180 Ga. App. 159, 162 (2) (348 SE2d 702) (1986).

3. It is noted that *J. D. Jewell, Inc. v. Peck*, 116 Ga. App. 405 (157 SE2d 806) (1967), cited in Division 2 of the majority opinion, is a non-precedential case.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED APRIL 1, 1988 — 

*Michael Jablonski, Jennifer L. Houser*, for appellants.
*John M. Strain*, for appellee.